# Wolf *v.* The State.

*Indictment for Burglary.*

1. *Sufficiency of indictment.* — In an indictment for burglary with intent to steal (Rev. Code, § 3695), an additional averment of the consummation of the intent, by stealing articles of inconsiderable value, does not render the indictment demurrable for a misjoinder of offences.

2. *Change of venue.* — An application for a change of venue, made after the lapse of two terms of the court, and after the jury had been empanelled, and the witnesses sworn, held to have been properly refused, no excuse for the delay being shown.

FROM the Circuit Court of Wilcox.

Tried before the Hon. P. O. HARPER.

B. F. SAFFOLD, J. — The first and second counts of the indictment charge a burglary as defined in Rev. Code, § 3695, alleging the intent to be to steal; the third and fourth do the same, and, besides, state the actual larceny of two turkeys. The defendant demurred to the indictment, on the ground that the counts charged burglary and petit larceny. This objection was overruled.

It is not uncommon in indictments for burglary to allege the execution of the intent laid. 2 Arch. Crim. Plead. p. 340, and notes; 1 Bish. Crim. Law, § 893. What the offender accomplished is the very best evidence of what he intended to do. It has been allowed, in indictments for burglary, to charge what the defendants did steal, as a substitute for the averment of the intent to steal. But when this is done, there can be no conviction unless the actual stealing is proved; because, if the larceny, which includes the intent, was not committed, there is no allegation of burglary. 2 Bish. Crim. Law, § 152. The demurrer was properly overruled. It is not necessary that the stealing, which the defendant intended to do, should in itself amount to a felony.

2. The application for a change of venue was not made until after the lapse of two terms, and then only after the jury had been empanelled and the witnesses sworn. No excuse for the delay was given. The tenor of it does not impress us with a conviction of its seriousness.

The judgment is affirmed.