# Snow *v.* The State.

## *Indictment for Burglary.*

1.  *Indictment; when not bad for duplicity.*—Under our statutes an indictment
is not bad for duplicity, because it charges in the same count a burglarious
entrance into a building, and the commission therein of petty larceny.

2.  *Declarations; what hearsay.*—Declarations of a third person, made in the
absence of the accused, to the effect that he, and not the defendant committed
the offense charged, are mere hearsay, and not admissible evidence in favor
of the prisoner.

APPEAL from the Circuit Court of Wilcox.

Tried before Hon. JOHN K. HENRY.

The indictment in this case contained two counts. The
first count charged "that Walter Snow and Marion Crum
did, with the intent to steal, break into and enter the cotton
house of Thomas Avery, a building in which cotton in the seed
was then and there kept for use or deposit, and did then
and there in said cotton house, feloniously take and carry
away one hundred pounds of cotton in the seed, the personal
property of Thomas Avery, of the value of four dollars,
against the peace," &c.

The second count charged that Snow and Crum did, with
the intent to steal, break into and enter the cotton house of
Thomas Avery, a building in which cotton, a valuable thing,
was then and there kept for use or deposit, and did then and
there, in said cotton house, feloniously take and carry away
one hundred pounds of cotton, the personal property of
Thomas Avery, of the value of four dollars," &c. The de-
fendants demurred to the indictment because of a misjoinder
of counts, and the State, by leave of court, entered a *nolle
pross* as to the first count. The defendants then demurred
to the second count, because it charged a felony and a mis-
demeanor in the same count, and the court overruled the
demurrer, and the defendants excepted.

On the trial, the appellant Snow "moved the court to
allow him to prove by Scott Skinner that the morning after
the cotton house was said to have been broken open, he
(said witness) heard Gus Underwood say that he (Under-
wood) was the one that broke into said cotton house, and
that it was not Walter Snow—the said Gus Underwood not
being a witness or defendant, or having any connection with
the case whatever." The court refused to allow this evidence
to go to the jury, and defendant Snow excepted. Crum was
acquitted, and Snow convicted of burglary.

[The State v. The Alabama and Chattanooga R. R. Co.]

Neither the record nor docket gives the name of appellant's counsel.

JOHN W. A. SANFORD, Attorney General, appeared for the State.

BRICKELL, C. J.—The demurrer to the indictment rests on the ground that two offenses, burglary and petty larceny, are charged in the same count, and therefore the count is bad for duplicity. The general rule that two offenses cannot be charged in the same count has many exceptions under our statute. At common law, in England, it is a common practice in an indictment for burglary, to aver in the same count, the breaking and, entry with intent to steal, and also the larceny actually committed in the place entered. 1 Bish. Cr. Pro. § 439. The whole is a single transaction, dependent on the same facts, and the accused is not perplexed or embarrassed in making defense, as he would be if two separate and distinct offenses were charged against him. The demurrer was properly overruled.—*Wolf v. State*, 49 Ala. 359.

The declarations of a third person, made in the absence of the accused, tending to the conclusion he was the guilty agent in the commission of the offense, was mere hearsay, and was properly excluded. There is no error in the record, and the judgment must be affirmed.