# Adams *v*. The State.

*Indictment for Burglary and Larceny.*

1. *Joinder of offenses in indictment.*—In an indictment for burglary with intent to steal, the intent and the actual larceny may be charged in the same count, being but one offense ; but counts for burglary and for petit larceny cannot be joined in the same indictment.

2. *Conviction of two or more offenses, under one indictment.*—Where the evidence discloses but a single act or transaction on the part of the defendant, although the indictment charges distinct offenses in separate counts, there can not be a conviction of more than one offense.

FROM the Circuit Court of Shelby.

Tried before the Hon. JOHN HENDERSON.

The indictment in this case contained two counts ; the first charging that the defendants, Joe Adams and Chance Thomas, "broke into and entered the corn-crib, a building of French Nabors, in which corn, an article of value, was at the time kept for use, with intent to steal ;" and the second, that they "feloniously took and carried away two bushels of corn, of the value of one dollar and fifty cents, the property of French Nabors." The defendants demurred to the indictment, and also moved to quash it, "on account of duplicity, and for a misjoinder of counts," but the court overruled their demurrer and motion ; and they then pleaded not guilty. The court charged the jury, on the trial, "that the defendants might be convicted on one or both counts of the indictment ;" to which charge an exception was duly reserved by the defendants. Exceptions were also reserved by the defendants to other rulings of the court, which require no special notice.

W. M. McMATH, for the defendants, cited *Bell & Murray v. The State*, 48 Ala. 684 ; *Mooney v. The State*, 8 Ala. 328 ; *Ben v. The State*, 22 Ala. 9 ; Wharton's Amer. Crim. Law, (3d ed.) 205.

JNO. W. A. SANFORD, Attorney-General, for the State.

BRICKELL, C. J.—The theory of the joinder of different counts in an indictment is, that each count alleges a distinct and substantive offense. In practice, generally, the joinder is intended to meet the different phases in which the evidence may present the same offense. The general rule is, that counts for felony and misdemeanor may not be joined; nor can there be a joinder, where the legal judgment on each count would be materially different. 1 Whart. Cr. Law, § 418. Mere difference in the severity of the punishment, if the offenses are of the same nature, belong to the same family of crimes, and are subject to the same mode of trial and punishment of the same character, is not an objection to the joinder of them in different counts. But, to authorize the joinder, there must be a concurrence in the nature of the offense, the mode of trial, and the character of punishment. *Johnson v. State*, 29 Ala. 62; *Oliver v. State*, 37 Ala. 134; *State v. Coleman*, 5 Port. 32. Tested by this rule, the present indictment, joining a count for burglary, a felony, with a count for petit larceny, a misdemeanor, was subject to the demurrer interposed; and the court erred in overruling it. An indictment for burglary, with intent to steal, may, in the same count, aver the intent, and the actual larceny, without being obnoxious to a demurrer for duplicity. The averment of the larceny is not regarded as the averment of a distinct offense, but merely as the averment that the particular burglarious intent was consummated. *Wolf v. State*, 49 Ala. 359; *Snow v. State*, MSS.

2. In the charge given by the court, that there could be a conviction on both counts, there was manifest error. The evidence disclosed but a single transaction—the breaking and entry of the crib, stealing corn therefrom. We are not aware of any principle, or authority, which justifies the splitting it up into two distinct offenses, or which commits it to the discretion of the jury to sever it, and punish it accordingly.

It is not necessary to consider any other questions presented by the record. They cannot arise again under the facts now presented.

Let the judgment be reversed, and the cause remanded. The defendants must remain in custody, until discharged by due course of law.