# Barber *v.* The State.

### *Indictment for Burglary.*

1. *Sufficiency of indictment.*—It is no objection to an indictment for burglary, that it also avers the consummation of a larceny in the building alleged to have been entered.

2. *Joinder of counts for burglary and larceny.*—Whether a count for burglary, and a count for petit larceny, can be joined in the same indictment, is "left open for future consideration," authorities being cited.

3. *Felonious intent, as element of burglary; averment of.*—It is an essential element of the crime of burglary, that the breaking and entering should be accompanied with an intent to steal, or to commit some felony, and this intent must usually be alleged and proved; but, where there is an averment of a completed larceny, or of some felony actually committed, it is unnecessary to aver the felonious intent.

4. *Sufficiency of indictment, as charge of burglary or larceny.*—A count which fails to charge the felonious intent, and fails to charge an asportation sufficient to constitute larceny, is fatally defective.

[Barber v. The State.]

5. *General verdict, under indictment containing good and bad counts.* A general verdict of guilty, under an indictment containing both good and bad counts, will be referred to the good counts.

APPEAL from Sumter Circuit Court.

Tried before A. G. SMITH, Esq., Special Judge.

The appellant was tried and convicted on an indictment which contained three counts ; the first charging, that he broke into and entered a building, the property of E. W. Hookes, in which a thing of value, to-wit, corn, was kept for use, sale or deposit, with the intent to steal. The second count charged, that with the intent to steal he broke into and entered the stable of E. W. Hookes, a building in which a thing of value, to-wit, horses, were kept for use, sale or deposit, and, having so burglariously entered, feloniously took and carried away one bushel of corn, the personal property of E. W. Hookes, of the value of one dollar. The third count charged, that he broke into and entered the corn-crib of E. W. Hookes, a building in which a thing of value, to-wit, corn, was kept for use, sale or deposit, and, having so burglariously entered, feloniously took away one bushel of corn, the personal property of E. W. Hookes, of the value of one dollar.

A demurrer was interposed to the indictment, on the following grounds : 1st, that there is a misjoinder of counts in said indictment ; 2d, that there is a misjoinder of counts in said indictment, in this, that the first count in said indictment is for burglary, and the second count is for petit larceny ; 3d, that in the first and third counts of the indictment the defendant is charged with burglary, and in the second count he is charged with petit larceny ; 4th, that under the first and third counts of the indictment, the defendant is charged with, and can be convicted of burglary, while in the second count he could be convicted of petit larceny.

This demurrer was overruled, and a plea of not guilty entered. The jury found the defendant guilty as charged in the indictment. A motion in arrest of judgment was made, on these grounds : 1st, that the verdict is general in its character, and does not find as to what count of the indictment the defendant is guilty ; 2d, that the verdict does not specify the count to which said verdict responds. This motion was overruled, and the defendant sentenced to hard labor for the county for one year.

The overruling of the demurrer, and of the motion in arrest of judgment, are here assigned as error.

J. J. ALTMAN, for appellant.   (No brief on file.)

T. N. McClellan, Attorney-General, *contra.*—The first and second counts are clearly good for the crime of burglary. *Wolf v. State,* 49 Ala. 360; *Adams v. State,* 55 Ala. 143; *Snow v. State,* 54 Ala. 138. The third count is bad, either as a charge of larceny or burglary.—58 Ala. 383; 71 Ala. 317. The conviction, being general, is referred to the good counts. 1 Brick. Dig., 501, § 761. It was not necessary that the verdict should show to what count it responded.—74 Ala. 1; 72 Ala. 191.

SOMERVILLE, J.—The first and second counts in the indictment contain every averment necessary to constitute a good and sufficient indictment for burglary under the statute.—Code, 1876, § 4343. Nor is it any objection to these counts that they aver the consummation of the larceny in the building alleged to have been burglariously entered.—*Snow v. The State,* 54 Ala. 138; *Wolf v. The State,* 49 Ala. 359.

We need not decide in this case the question sought to be raised by the demurrer of the defendant—whether a count for burglary and one for petit larceny can be joined in the same indictment. We pass this inquiry merely with a citation of the authorities, leaving it open for future consideration.—*Adams v. The State,* 55 Ala. 143; 1 Bish. Cr. Proc. (3d Ed.), §§ 446, *et seq.*; Whart. Cr. Pl. & Prac. (8th Ed.), § 289; 1 Whart. Cr. L. (8th Ed.), § 819.

It is an essential element in the crime of burglary, that the breaking and entering should be accompanied with an intent to steal, or to commit some felony; and this intent must usually be both alleged and proved. The rule seems to be settled by the authorities, however, where there is an averment of a completed larceny, or some felony actually consummated, it is unnecessary to aver the intent to be felonious, the legal presumption being that it is so. The doing of the criminal act, under such circumstances, seems to be regarded as conclusive of the felonious intent.—1 Whart. Cr. Law (8th Ed.), § 818; 2 Arch. Cr. Pl., *329; *Wolf's case,* 49 Ala. 359.

This rule of pleading is important in determining the character of the third count. For, if we regard the averment made in this count—that the defendant "feloniously *took away*" the described personal property—as a sufficient averment of an actual asportation, then the count charges a completed larceny, and the allegation of a felonious or larcenous intent was unnecessary, in order to constitute a good count for burglary. And if the asportation is insufficiently averred, the count is bad as failing to charge larceny, and also for burglary, because there is no averment of the requisite intent. In other words, this

[Perry v. The State.]

count would neither charge an actual stealing nor an intent to steal, which would entirely vitiate it.

If we regard our first supposition as the correct view, all three of the counts are good for burglary, and there can be no pretense of misjoinder or of duplicity. If the latter view be correct, we then have two counts good as charging burglary, and the other defective for both burglary and larceny, and the conviction would be referred entirely to the good counts. The well established rule is, that a general verdict of guilty, on an indictment containing several counts, will be referred to the counts which will sustain the conviction. And the fact that there is one bad count will not, in such a case, be ground for the arrest of judgment, the verdict being presumed to have been found on the good counts.—*Chappell v. The State*, 52 Ala. 359; *Hudson v. The State*, 34 Ala. 253; 1 Brick. Dig., p. 501, § 761; Clark's Man. Cr. Law, § 2525; 1 Arch. Cr. Pr. &. Pl. (Pom. Ed.), 293 (*93), note 1.

The demurrer to the indictment, and the motion made in arrest of judgment, were properly overruled.

Judgment affirmed.