# CASES

IN THE

# SUPREME COURT OF ALABAMA,

## NOVEMBER TERM, 1897.

## Bailey *v.* The State.

*Indictment for Burglary.*

1. *Burglary; indictment; when not objectionable for duplicity.*—An indictment for burglary, which avers the breaking and entering, with intent to steal, and also avers the actual larceny is not demurrable for duplicity; the averment of the commission of the larceny being merely an averment that the particular burglarious intent was consummated.

2. *Same; same; when house burglarized owned by corporation.*—When a burglary is committed upon a house owned by a corporation, an indictment charging the offense is sufficient as to its averment of ownership, when it employs only the corporate name; and it is not necessary to aver that the corporation was either a foreign or domestic corporation, or that it had power or capacity to acquire property, or to aver that the defendant was not a stockholder in the corporation.

3. *Proof of venue; general affirmative charge.*—In a criminal case, when the bill of exceptions purports to set out all the evidence and does not show that the *venue* of the offense was proven, the defendant is entitled to the general affirmative charge in his favor, and its refusal is a reversible error.

APPEAL from the Circuit Court of Cullman.

Tried before the Hon. H. C. SPEAKE.

The appellant was tried and convicted under the following indictment: "The grand jury of said county charge that before the finding of this indictment Dink Bailey, alias Charles Bailey, with intent to steal, broke into and entered a store-house of the Parker Coal Company, a corporation, in which goods, clothing or mer-

chandise, things of value, were kept for use, sale or deposit, and then and there feloniously took and carried away from said store-house two pairs of men's shoes, value of five dollars, two pair pants of the value of three dollars, tobacco of the value of two dollars, the personal property of the Parker Coal Company, a corporation, against the peace and dignity of the State of Alabama." The defendant demurred to and moved to quash this indictment upon the following grounds : "1st. Because said indictment charges two offenses conjointly in one and the same count. 2d. Because burglary and larceny are conjointly charged in one and the same count of the indictment. 3d. Because said indictment fails to state whether or not said corporation was a foreign or a domestic corporation. 4th. Because said indictment fails to charge that defendant was not a stockholder of the Parker Coal Company. 5th. Because said indictment charges no offense. 6th. Because said indictment does not show under what authority or law said company was chartered. 7th. Because said indictment does not allege or charge that said corporation was chartered by authority of law. 8th. Because said indictment does not show that said corporation has authority to do business in the State of Alabama. 9th. Because said indictment does not allege that the Parker Coal Company had authority under its charter to keep goods for use, sale or deposit. 10th. Because said indictment does not charge or negative that defendant was not a stockholder of the Parker Coal Company." This demurrer and motion were overruled, and the defendant duly excepted.

Upon the trial of the cause, there was evidence introduced tending to show that the defendant was guilty as charged in the indictment. The defendant offered 12 witnesses to prove his general character as a good, law-abiding, honest citizen.

There were several rulings of the trial court upon the evidence to which defendant reserved exceptions, but under the opinion it is unneccessary to set out in detail the facts pertaining to these rulings.

Upon the introduction of all the evidence, the defendant requested the court to give to the jury, among others, the following written charges, and separately excepted to the court's refusal to give each of them as asked : (1.) "The court charges the jury that if they

[Bailey v. The State.]

believe the evidence in this case, they must find the defendant not guilty." (4.) "The court charges the jury that if any one of the jury have a reasonable doubt of the defendant's guilt, then the jury should not convict the defendant, but the jury would be authorized under the law to entertain such reasonable doubt, and if you entertain it, you should acquit the defendant." (5.) "If any one of the jury have a reasonable doubt of defendant's guilt, then the jury should not convict the defendant, but the jury can entertain such reasonable doubt and acquit him."

J. B. Brown, for appellant.—The objection to the indictment should have been sustained.—*Gordon v. State,* 71 Ala. 315. There was no proof of the venue, therefore the general affimative charge requested by the defendant should have been given.—*Randolph v. State,* 100 Ala. 139; *Brown v. State, Ib.* 92; *Justice v. State,* 99 Ala. 180; *Bowdon v. State,* 91 Ala. 61; *Cawthorn v. State,* 63 Ala. 157; *Bain v. State,* 61 Ala. 75.

William C. Fitts, Attorney-General, for the State.

BRICKELL, C. J.—1. The objections to the indictment were not well taken. An indictment for burglary, with intent to steal, may, in the same count aver the intent and the actual larceny, without being obnoxious to an objection for duplicity. The averment of the larceny is not regarded as the averment of a distinct offense, but merely as the averment that the particular burglarious intent was consummated.—*Wolf v. State,* 49 Ala. 359; *Adams v. State,* 55 Ala. 143; *Gordon v. State,* 71 Ala. 315.

2. In offenses against property, the indictment must aver the ownership if it be known. When the ownership resides in a corporation, it is sufficient to aver or employ the corporation name. It is not necessary, as is supposed by the objection taken, to aver that the corporation is either a foreign or a domestic corporation, nor is it necessary to aver that the corporation had power or capacity to acquire the property, nor to negative that the defendant was a stockholder in the corporation. Rapalje on Larceny, §§ 103–151.

3. The bill of exceptions recites that it contains *all*

*the evidence* given on the trial. We have carefully examined the evidence, and it is silent as to the locality of the offense—that it was committed in the county of Cullman. The offense, therefore, was not proved as laid, and according to repeated decisions of this court, the court below erred in the refusal of the general affirmative charge to find for the defendant, requested in writing.—*Brown v. State,* 100 Ala. 92 ; *Randolph v. State, Ib.* 139 ; *Justice v. State,* 99 Ala. 180, and authorities.

4. As the cause must be reversed for the error pointed out, it is unnecessary to consider the numerous objections to the admission of evidence ; they may not arise on another trial, or may be differently presented. There was no error in the refusal of the other instructions requested.

Let the judgment be reversed and the cause remanded ; the defendant will remain in custody until discharged by due course of law.