# Welch v. The State.

*Burglary.*

(Decided May 21, 1908. 46 South. 856.)

1. *Indictment and Information; Duplicity; Different Offenses.*— The allegation in an indictment for burglary of the taking and carrying away of certain goods from the house broken and entered feloniously, was merely an allegation that defendant's intent to steal was carried into effect, and did not constitute a separate charge of larceny, although such allegation was unnecessary.

2. *Burglary; Evidence.*—A witness was properly allowed to be asked, "Was your attention called to anything?" and to answer, "The officers called my attention to two quarts of whisky on the billiard table, which was the same brand of whisky as that in my place," where the prosecution was for the burglary of a house in which whisky was kept.

[Welch v. The State.]

3. *Evidence; Conclusion.*—A witness having testified that he found that a glass about 8x10 inches had been broken out of the window, his further statement that it was big enough for a man to go through, was not objectionable as a conclusion.

4. *Same; Expert Evidence.*—The size of a glass alleged to have been broken from the house alleged to have been burglarized was not a matter requiring the opinion of an expert, but was a matter open to ordinary observation to which a non expert could testify.

5. *Same.*—It is proper to permit a witness to state that a person could go through the saloon in the building burglarized and enter the restaurant in another building.

6. *Same; Hearsay.*—It was not proper to permit the witness to testify that a certain person pointed out the whisky in question to witness as the whisky defendant had in his hand, since the same was hearsay.

7. *Trial; Remarks of Judge.*—Remarks made by the judge and solicitor to a jury in another case not shown to have any relation to the case at bar could not be made the subject of exceptions in the case at bar, especially where it is not shown that the jurors in the case at bar had any knowledge of the former case.

8. *Same; Argument of Counsel; Limitation.*—It was not an abuse of the trial court's discretion to limit the arguments of defendant's counsel to sixteen minutes where the facts were few and simple, the law plain and familiar, and no argument was made by the state's attorney.

9. *Charge of Court; Conformity to Evidence.*—A charge not predicated upon a consideration of all the evidence in the case is properly refused.

10. *Same; Reasonable Doubt.*—A charge asserting that unless the jury believe beyond a reasonable doubt that the defendant broke and entered the storehouse in question, he could not be convicted was a proper charge and should have been given.

11. *Appeal; Motion in Arrest of Judgment; Review.*—A motion in arrest of judgment in a criminal case not shown in the record proper, but shown only in the bill of exceptions, will not be reviewed on appeal.

APPEAL from Jefferson Criminal Court.

Heard before Hon. A. C. HOWZE.

Arthur Welch was convicted of burglary, and he appeals. Reversed and remanded.

The indictment charges that Arthur Welch, with intent to steal, broke into and entered the storehouse of Billy B. Bell, in which goods, spirituous or malt liquors, things of value, were kept for use, sale, or deposit, and having so broken and entered feloniously

C 8

took and carried away therefrom two quarts of whisky of the value of $3, the personal property of Billy B. Bell, against, etc. The demurrers were that the indictment charges no offense under the law; that it is void on its face; that it contains a misjoinder of offenses in the same count; that it attemps to charge burglary and grand larceny in the same count; that it attempts to charge a felony and a misdemeanor in the same count; that the offense of petit larceny is not included in the offense of burglary, and cannot be joined in the same count of the indictment with the charge of burglary.

The evidence tended to show that Bell was the owner of a saloon, and that on the Sunday morning in question a window glass in the back window of the saloon was broken, the part broken being about 13x36 inches; that there was a negro restaurant in the rear, and that when the proprietor left the store Saturday night this window was all right; that the witness Laborde was attracted early Sunday morning by the breaking of glass, and went to the rear of the saloon, and saw the defendant in the saloon, and held him there until the officer came and arrested him; that the defendant had at that time two quarts of Sunnybrook whiskey, which witness made him put down on the billiard table.

During the course of the trial a jury which was out deliberating on a verdict returned into court with their verdict, which was: "We, the jury, find the defendant not guilty." Thereupon the court, in the presence of the jury trying this case, asked the jury if that was their verdict, and said to the other jury: "Your verdict is a surprise to the court." The solicitor also remarked: "Render one more verdict and quit." There was exception taken by the present defendant to the remarks of the court and the solicitor made to the jury rendering the verdict in the presence of the jury trying this case.

[Welch v. The State.]

Thereupon the court instructed the jury trying this case to pay no attention to the remarks made to the other jury, but to try the case on the evidence.

The following charges were refused to defendant:

"(1) If the evidence on behalf of defendant, or any part of such evidence, is sufficient to raise in the minds of any juror a reasonable doubt of defendant's guilt, and does raise such a doubt, then I charge you that you cannot convict the defendant. (2) The court charges the jury that if they believe the evidence they cannot convict the defendant of petit larceny." (6) Unless you believe beyond all reasonable doubt that the defendant broke and entered the storehouse in question, you cannot convict this defendant."

GASTON & PETTUS, for appellant. The indictment charges two offenses and the judgment should have been arrested.—*Adams v. The State,* 55 Ala. 143; *James v. The State,* 104 Ala. 26; *Gordon v. The State,* 71 Ala. 317. Counsel discuss assignments of error based on the admission of testimony but without citation of authority. Counsel insist that the court erred in limiting the argument.—Sec. 7, Constitution 1901; *Yeldell v. The State,* 100 Ala. 29; *Huskey v. The State,* 129 Ala. 94; *Waters v. The State,* 117 Ala. 111; *Peagler v. The State,* 110 Ala. 11. There are limits to the court's discretion. —Cooley's Const. Lim. 409; *Crawford v. The State,* 112 Ala. 22. Charge 1 should have been given.—*Curd v. The State,* 94 Ala. 100. Motion in arrest of judgment should have been granted.—*Martin v. The State,* 38 Ala. 71; *Benjamin v. The State,* 121 Ala. 26.

ALEXANDER M. GARBER, Attorney-General, for the State. The indictment does not charge two offenses. —*Orr v. The State,* 107 Ala. 35; *Bowen v. The State,*

106 Ala. 178. The motion in arrest of judgment can-
not be considered because shown only by bill of excep-
tions.—*Hampton v. The State*, 133 Ala. 180. Charge
1 was properly refused.—*Liner v. The State*, 124 Ala.
1. The court did not err in limiting the argument in
this case.—*Yeldell v. The State*, 100 Ala. 26. The at-
torney General discusses the other assignments of er-
ror, but without citation of authority.

SIMPSON, J.—The indictment under which the de-
fendant was convicted was demurred to, on the ground
that it charged both burglary, a felony, and petit lar-
ceny, a misdemeanor. The demurrer was properly
overruled. The indictment charges burglary. While
it was not necessary to have alleged the actual taking
and carrying away of the goods, yet, when alleged, as
in this indictment, in connection with defendant's "hav-
ing so broken and entered feloniously," it does not con-
stitute a separate charge of larceny, but merely alleges
that the intent to steal was carried into effect.—*Walker
v. State*, 97 Ala. 85, 12 South. 83; *Barber v. State*, 78
Ala. 19; *Snow v. State*, 54 Ala. 138; *Wolf v. State*, 49
Ala. 359; *Bailey v. State*, 116 Ala. 437, 22 South. 918;
*Adams v. State*, 55 Ala. 143, 144.

There was no error in permitting the question to the
witness Bell, "Was your attention called to anything?"
and his answer thereto, "The officers called my atten-
tion to two quarts of whisky sitting on the billiard ta-
ble, which was the same brand as the whisky in my
place." The witness testified of his own knowledge to
the facts that the whisky was sitting on the billiard
table and that it was the same brand as the whisky in
his place. It matters not who called his attention to
it. The question was merely to direct his mind to the
subject of inquiry.

The witness Laborde, having testified that he found that a glass "about eight by ten" was broken out, was asked, "How large was the glass that was broken?" and replied, "Big enough for a man to go through." This answer was objected to, and a motion made to exclude it, because it stated a mere conclusion of the witness. There was no error in overruling the motion to exclude this testimony. It was a mere shorthand rendering of the facts.—*Mobile Light & R. R. Co. v. Walch*, 146 Ala. 295, 305, 40 South. 560. Besides, it was not a matter for expert opinion, but was merely a matter open to the observation of any one; and the witness, having stated the size of the glass that was broken out, could properly be allowed to state whether it was large enough for a man to go through. For the same reason, it was proper to allow the witness Manning to state that the defendant could come through from the saloon to the restaurant. This was but another expression for the statement that the passageway was open. These expressions were statements of a physical fact, or a collective fact, open to the observation of any one. A witness could come nearer telling, by the eye, whether a hole was large enough for a man to go through than exactly how many inches long and wide the hole was.— *Kroell v. State*, 139 Ala. 1, 13, 36 South. 1025; *Stevens v. State*, 138 Ala. 71, 81, 35 South 122; *Rollings v. State*, 136 Ala. 126, 128, 34 South. 349; *Mayberry v. State*, 107 Ala. 64, 67, 18 South. 219; *McVay v. State*, 100 Ala. 110, 113-114, 14 South. 862.

The court erred in allowing the witness Manning to testify that "Laborde pointed out this whisky to me as the whisky the defendant had had in his hand." This was hearsay testimony. The fact that defendant had had the whisky in his hand could not be proved in that way.

The remarks made by the judge and solicitor to a jury in another case were not the proper subject of exception in this case. It is not shown that the two cases had any relation to each other, or that the jurors in this case knew anything about the other case.—*Landthrift v. State,* 140 Ala. 114, 37 South. 287.

In the matter of limiting counsel as to time in the argument of the case, while that is a matter that is left largely to the discretion of the trial court, yet if it is apparent that such discretion is abused, so that the defendant is deprived of the rights which the Constitution guarantees to him this court will reverse the case. In the present case, the facts being few and simple, and the principles of law plain and familiar, and the case not having been argued by the state at all, we cannot say that the defendant was denied the right of a proper presentation of his case by his counsel having been allowed only 16 minutes for argument.—*Yeldell v. State,* 100 Ala. 26, 28, 29, 14 South. 570, 46 Am. St. Rep. 20.

Charge 1 requested by the defendant was properly refused, as it omitted to predicate a consideration of all the evidence.—*Hurd v. State,* 94 Ala. 100, 10 South. 528; *Liner v. State,* 124 Ala. 1, 7, 27 South. 438.

From what has been hereinbefore said the indictment did not include an accusation of the offense of petit larceny. Therefore the court erred in refusing to give charge 2.

There was no error in the refusal to give the general charge in favor of the defendant.

The indictment in this case being for burglary, charge 6, requested by the defendant, should have been given.

The motion in arrest of judgment, being shown only by the bill of exceptions, cannot be considered.—*Hampton v. State,* 133 Ala. 180, 32 South. 230.

[Stevens, et al. v. The State.]

The judgment of the court is reversed, and the cause remanded.

TYSON, C. J., and HARALSON and DENSON, JJ., concur