# Blackwell *v.* The State.

### *Violating Prohibition Law.*

(Decided June 3, 1913.　62 South. 1034.)

1. *Appeal and Error; Record; Bill of Exceptions.*—An instrument purporting to be a bill of exception and called a bill of exception cannot be supported as such where it contains no exception or objections taken or reserved to any action of the trial court.

2. *Same; Review; Objections Below.*—In order for this court to determine whether the evidence was sufficient to warrant a submission to the jury of the guilt or innocence of defendant, it must be shown by bill of exceptions that it was raised in some way in the trial court.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Sam H. Blackwell was convicted of violating the prohibition law, and he appeals. Affirmed.

No counsel marked for appellant.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The record is regular and what purports to be a bill of exception fails to show any objections or exceptions reserved on the trial, and hence, presents nothing for review.

THOMAS, J.—The defendant was convicted for a violation of the prohibition law.

We find in the record what purports to be a bill of exceptions, and what is in form such, and what is in fact denominated as such therein; but clearly the term is a misnomer. We have carefully examined the paper claimed to be such, and, instead of finding any objections and exceptions taken or reserved by the defendant to any action of the trial court, we find that the rul-

[Blackwell v. The State.]

ing of the trial court was never even in any wise in-
voked by either party during the whole course of the
trial, except by the defendant in the single instance of
requesting certain written charges—every one of which
it affirmatively appears was given as asked.   So then
we have the anomalous situation of a defendant, who is
in the attitude of approving everything the trial court
did, making of the approval, in detail, a permanent rec-
ord in the shape of what is improperly called in such a
case a bill of exceptions, and bringing a transcript of it
here merely for our inspection—certainly not for our
review, because on a bill of exceptions we can review
only questions of alleged error committed on the part
of the trial court, and that only when the question was
there raised and decided adversely to the exceptor.   All
the evidence in the case is set out in this supposed bill
of exceptions—not such, however, because, as said, it
contains no exceptions whatever; but we guess that the
purpose in bringing it here is to invoke a decision from
us as to whether or not this evidence was sufficient to
warrant a submission of the case to the jury.

To get such question before us it would be necessary
to show by a bill of exceptions that the defendant in
some way raised the question in the court below, either
by a motion to exclude, or by a demurrer to the evi-
dence, or a request for the affirmative charge, or in some
other appropriate manner.   Here nothing of the kind
appears to have been done; and therefore, whether the
trial court was right or wrong in submitting the case
to the jury, its judgment must stand—at least we have
no power or authority to disturb it.   We may add, how-
ever, that in our opinion the evidence, though weak in
a material particular, was sufficient to warrant the
court in submitting the case to the jury, who are the
sole judges of its weight.

We find no error in the record, and the judgment of conviction is affirmed.

Affirmed.