# Hughes *v.* The State.

## *Burglary.*

(Decided November 24, 1914. 66 South. 844.)

1. *Bill of Exceptions; Review.*—Although what purports to be a bill of exceptions is contained in the record, yet no exceptions appearing therein, it is not a bill of exceptions, and presents nothing for review.

2. *Judgment; Several Counts; General Verdict.*—Where an indictment contains three counts, one of which was for burglary, and the jury returned a general verdict, the court could properly adjudge the defendant guilty of burglary.

[Hughes v. The State.]

APPEAL from Mobile City Court.

Heard before Hon. O. J. SEMMES.

Walter Hughes was convicted of burglary and he appeals. Affirmed.

No counsel marked for appellant.

R. C. BRICKELL, Attorney General, for the State. What purports to be a bill of exceptions contains no exceptions, and hence, cannot be considered.

THOMAS, J.—What purports to be a bill of exceptions found in the record contains no exceptions, and is consequently not a bill of exceptions, and presents no rulings of the lower court for review.—*Blackwell v. State,* 8 Ala. App. 430, 62 South. 1034.

The indictment contains three counts, one for burglary, one for grand larceny, and one for receiving stolen goods, knowing them to be stolen. There was a general verdict of guilty, and the court adjudged the defendant guilty of burglary, and sentenced him to the penitentiary for three years. In this there was no error.—*Cawley v. State,* 37 Ala. 152; *Johnson v. State,* 50 Ala. 459; *McGuff v. State,* 88 Ala. 150, 7 South. 35, 10 Am. St. Rep. 25; *Lucas v. State,* 144 Ala. 63, 39 South. 822, 3 L. R. A. (N. S.) 412; *Sampson v. State,* 107 Ala. 76, 18 South. 207; *Orr v. State,* 107 Ala. 35, 18 South. 142; *Rose v. State,* 117 Ala. 77, 23 South. 638; *Bell v. State,* 48 Ala. 684, 17 Am. Rep. 40; *Adams v. State,* 55 Ala. 143.

No error being found in the record, the judgment of conviction is affirmed.

Affirmed.