## LAUREN v. STATE.   (7 Div. 908.)

(Court of Appeals of Alabama.   July 10, 1923.)

1. **Indictment and information** ⊚⟞203—**General verdict of guilty referable to either of two good counts.**

Where there are two counts in an indictment and a general verdict, the verdict may be referred to either good count and the judgment rendered thereon.

2. **Criminal law** ⊚⟞351(3) — **Evidence of defendant's flight, or that he was hiding, held admissible.**

Evidence tending to prove the flight of defendant, or that he was hiding out, to avoid arrest, is admissible.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

James W. Lauren was indicted under two counts, charging manufacturing prohibited liquors and possessing a still. From a general verdict of guilty and judgment thereon, defendant appeals. Affirmed.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J.   [1] Where there are two counts in an indictment and a general verdict finding the defendant guilty, the verdict may be referred to either good count and a judgment rendered thereon. Hughes v. State, 11 Ala. App. 307, 66 South. 844.

[2] It is permissible in a prosecution for crime to prove the flight of the defendant, and any evidence tending to prove flight, or that the defendant was hiding out, to avoid arrest, is relevant. For this purpose, and after it had been shown that defendant ran from the still when the officers found and raided it, the sheriff could testify that he searched for defendant at and near defendant's home and could not find him.

We find no error in the record, and the judgment is affirmed.

Affirmed.