22 So.2d 519

### HOLLAND v. STATE.

4 Div. 370.

Supreme Court of Alabama.

June 7, 1945.

J. W. Hicks and Harry Adams, both of Enterprise, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

LIVINGSTON, Justice.

Appellant was tried and convicted in the Circuit Court of Coffee County (Enterprise Division) for the offense of burglary in the first degree, and his punishment fixed at imprisonment for life in the penitentiary. From the judgment of conviction and sentence, he prosecutes this appeal.

There were no objections interposed to the introduction of any testimony during the trial of the case, the salient features of which were that while Mrs. Ruby Rowe was visiting her daughter, Mrs. Huey, who lived close by, defendant entered her home on the night of November 19, 1944, while another daughter Mary Sue Rowe was at home. Miss Rowe en route to the show advised her mother and sister that she heard someone in the kitchen, and some ten or fifteen minutes later Mrs. Rowe and Mrs. Huey went to the house, and defendant was discovered in the hallway near the kitchen. At the time he was taken into custody, he had a dagger in his pocket, and the weapon is before us as an exhibit.

Section 85, Title 14, Code, provides:

"Any person who, in the nighttime, with intent to steal or to commit a felony, breaks into and enters any inhabited dwelling house, or any other house or building, which is occupied by any person lodged therein is guilty of burglary in the first degree, and shall on conviction be punished at the discretion of the jury, by death or by imprisonment in the penitentiary for not less than ten years."

It is not denied in the record but that a serious charge was committed in violating the sanctity of an inhabited dwelling with the evident intent to steal or to commit a felony. Breaking into the house with the intent to steal or commit a felony is the gravamen of the offense of burglary; and it is not required that the intended act be consummated. 1 Whart.Cr.Law, 8th Ed., section 818; Wicks v. State, 44 Ala. 398; Wolf v. State, 49 Ala. 359; Barber v. State, 78 Ala. 19.

The three written charges, affirmative in their nature, were refused to appellant without error.

We cannot say that the argument of the solicitor to the jury was so objection-

able as it could not be eradicated by instructions of the court. The court did all that was necessary to correct the argument, and place the jury in position to consider the case properly when defendant's objection was sustained and the solicitor's statements excluded from the jury. Burkett v. State, 215 Ala. 453, 111 So. 34; Canty v. State, 238 Ala. 384, 191 So. 260.

Finding no reversible error in the record, the judgment and sentence of the lower court must be affirmed.

Affirmed.

All the Justices concur.