The defendant was indicted and convicted for burglary in the third degree in violation of Alabama Code Section 13A-7-7
(1975). Sentence was six years' imprisonment. Two issues are presented on appeal.
 I
The defendant's prior conviction for criminal mischief in the second degree did not bar his prosecution for burglary in the second degree under the principles of former jeopardy. In a prosecution for criminal mischief in the second degree in violation of Alabama Code Section 13A-7-22 (a) (1975), the State must establish the following elements: (1) The property was actually damaged, (2) the defendant intentionally damaged the property, (3) the defendant had no right to damage the property or any reasonable ground to believe that he had such a right, and (4) the damage inflicted to the property was in excess of $250 but did not exceed $1000.
Here, the indictment charged that the defendant "did, knowingly enter or remain unlawfully in a building of N.W. Fleming with intent to commit a crime therein, to wit: Harassment, in violation of Section 13A-7-7." To establish burglary in the third degree, the prosecution must establish: (1) The defendant entered or remained unlawfully as that term is defined in Section 13A-7-1 (4), which for purposes of this case means that the defendant was "in or upon premises when he is not licensed, invited or privileged to do so"; (2) the defendant knowingly entered or remained unlawfully (he was aware of the fact that he had no license or privilege to enter or remain); (3) the invaded premises constitute a building; and (4) the defendant had the intent to commit a crime.
"A person commits the crime of harassment if, with intent to harass, annoy or alarm another person, he: a. strikes, shoves, kicks or otherwise touches a person or subjects him to physical contact; or b. directs abusive or obscene language or makes an obscene gesture towards another *Page 195 
person." Alabama Code Section 13A-11-8 (a).
The defendant admits that criminal mischief is not a lesser included offense of burglary and that proof of one offense does not necessarily involve proof of the other. The defendant contends, however, that "the State's proof on the issue of the Defendant's intent, vel non, to commit the crime of harassment unmistakably and unequivocally included proof of the offense, criminal mischief, for which the defendant had already been punished." "Stated differently, the State could not present evidence from which a jury could reasonably infer the Defendant's intent to commit the crime of harassment (the offense charged in the indictment) without showing that the defendant kicked in the back door of the Fleming's home."
The facts show that on February 9, 1982, Donna Fleming was in her parents' home with her friend, Mona Morgan. Ms. Fleming and the defendant were divorced in September of 1981. The defendant came to the residence and told Ms. Fleming "to let him in, that he wanted to talk." When Ms. Fleming told him that she did not have anything to talk to him about, the defendant "got mad and he kicked the door several times." The defendant told Ms. Fleming that she had "better let him in or he'd beat her ass."
The defendant kicked the locked door open and entered the residence. This destruction of the door is the basis of the charge of criminal mischief. The defendant told Ms. Morgan that "he would beat her ass, too, if she got into it." The defendant "grabbed" Ms. Fleming by the arm and told her that "he was going to talk to (her), that he had something to say to (her)." The defendant set Ms. Fleming on the sofa and was trying to talk to her when the police arrived.
Ms. Morgan testified that the defendant told them "that he was going to put a stop to some of this mess that had been going on." The defendant "threatened" her and said he was going "to get" the two women. Once inside, the defendant "grabbed" Ms. Fleming by the arm and "started shaking her, and by that time the police were there." Ms. Morgan stated that the defendant told her "he was going to get (her); that (she) was going to be a dead bitch."
The double jeopardy clause protects an accused from being twice subject to jeopardy for the "same offense". U.S. Const. amend. V; Ala. Const. art., Section 9. In Blockburger v. UnitedStates, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the Supreme Court held that a single act or transaction may constitute more than one offense, and may be prosecuted and punished under multiple statutory provisions if each provision requires a proof of a fact that the other does not. "As long as the statutory elements of proof differ, the Blockburger test is satisfied even if the two offenses are proved by the same evidence." Twelfth Annual Review of Criminal Procedure: UnitedStates Supreme Court And Courts Of Appeals 1981-1982, 71 Geo.L.J. 339, 567, n. 1572 (1982), citing United States v.Ward, 676 F.2d 94 (4th Cir. 1982) (malicious damage to property and illegal dumping of toxic wastes different offenses because former requires damage to property and latter requires violation of federal regulation).
In denying the defendant's plea of double jeopardy the trial judge relied upon Brown v. State, 367 So.2d 557, 559
(Ala.Cr.App. 1978), cert. denied, Ex parte Brown, 367 So.2d 559
(Ala. 1979). In Brown, this Court held that since the crimes of common law robbery and assault with intent to murder are separate and distinct offenses, there was no double jeopardy violation in separate prosecutions for the robbery of a gasoline station attendant and the assault with intent to murder the attendant although both prosecutions were based on the same incident.
The correctness of that holding was recognized in Brown v.Alabama, 619 F.2d 376 (5th Cir. 1980), wherein the same issue was raised:
 "The test to determine whether successive prosecutions impermissibly involve *Page 196 
the same offense under the double jeopardy clause was laid out by the Supreme Court in Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932).
 "(W)here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.
 "This test is satisfied if each offense requires the proof of a fact that the other does not, even though there may be a substantial overlap in the proof offered to establish the crimes. Brown v. Ohio, 432 U.S. 161, 166, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187
(1977), quoting Iannelli v. United States, 420 U.S. 770, 785, n. 17, 95 S.Ct. 1284, 1293, n. 17, 43 L.Ed.2d 616 (1975)."
Brown, 619 F.2d at 378.
A comparison of the definitions of the crimes of criminal mischief in the second degree and burglary in the third degree discloses that there are essential elements of one offense which are not elements of the other. These crimes are therefore two separate and distinct offenses. "A plea of former jeopardy is unavailing unless the offense presently charged is precisely the same in law and fact as the former one relied on under the plea." Racine v. State, 291 Ala. 684, 687, 286 So.2d 896
(1973). Illinois v. Vitale, 447 U.S. 410, 100 S.Ct. 2260,65 L.Ed.2d 228 (1980), does not apply since neither is criminal mischief a lesser included offense of burglary as a matter of law nor was it necessary for the State to sustain its burglary case to prove the conduct constituting criminal mischief.
 II
The defendant argues that the State's evidence failed to prove that the burglary was committed with the specific intent
to commit the offense of harassment. He contends that anything which he may have said or done prior to entering the house was not "actionable", for at that time, he had not entered the building.
The defendant's actions and statements prior to the commission of the burglary were admissible and properly considered on the issue of the intent with which the burglary was committed. Gilmore v. State, 99 Ala. 154, 13 So. 536
(1892); Pope v. State, 365 So.2d 369 (Ala.Cr.App. 1978). Under the present indictment and the statute, it is the unlawful entry or the remaining unlawfully which is the gravamen of the offense. It is not required, to sustain a conviction for burglary, that the intended act was consummated. Hamilton v.State, 270 Ala. 184, 116 So.2d 906 (1960); Holland v. State,247 Ala. 53, 22 So.2d 519 (1945); Howard v. State,355 So.2d 1143 (Ala.Cr.App. 1978). Consequently, it was not necessary for the State to prove a completed crime of harassment.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.