BOWEN, Presiding Judge.
In December of 1984, Donald G. Robinson, the appellant, threatened to set off explosives in the headquarters of the Montgomery Police Department. He was charged and convicted in a municipal court with the misdemeanor offenses of obstructing governmental operations, assault in the third degree, and resisting arrest. On appeal to the circuit court, the defendant was again convicted.
In February of 1985, the defendant was indicted for the felony charge of attempted extortion in the first degree. In May of 1985, the defendant pled guilty, reserving his right to appeal.
This appeal is from the conviction of attempted extortion in the first degree. The defendant argues that his prior conviction for obstructing governmental operations bars any subsequent conviction for attempted extortion under the principles of double jeopardy. He argues, and it is not disputed, that each of the four convictions arises out of the same set of circumstances and facts.
The facts contained in the record are that, on December 10, 1984, the defendant entered the Montgomery Police Department with a tape recorder concealed beneath his coat. He asserted that he was armed with a bomb and “would activate the device and blow everyone up if ... [they] did not do as he said.” For thirty minutes, the defendant “was consistently cursing and threatening to blow up his device under his coat.” With the aid of a “stun grenade” the defendant was taken into custody. During his arrest, the defendant struck Sergeant S.W. Ingram twice in the face.
The charge of obstructing governmental operations alleges that the defendant “did, by means of (intimidation, physical force, or interference or other independently unlawful act) intentionally obstruct, impair or hinder the administration of Montgomery Police Dept., to-wit: threatened to explode an explosive device in the Montgomery Police Dept, building.” The attempted extortion indictment charges that the defendant attempted to commit extortion “by threatening to set off explosives.”
The question presented by this appeal is whether a conviction for obstructing governmental operations bars a subsequent conviction for attempted extortion in the first degree where both offenses grow out of the same factual situation.
Obstructing governmental operations is a misdemeanor. Alabama Code 1975, § 13A-10-2(a)(l), provides in pertinent part:
“(a) A person commits the crime of obstructing governmental operations if, by means of intimidation, physical force or interference or by any other independently unlawful act, he:
(1) Intentionally obstructs, impairs or hinders the administration of law or other governmental function.”
While obstructing governmental operations is designed to deal with the intentional obstruction of governmental activities, § 13A-10-2 Commentary, extortion is in the nature of a theft and covers situations in which property is obtained by menace or threat. §§ 13A-8-13 through 13A-8-15 Commentary. “A person commits the crime of extortion if he knowingly obtains by threat control over the property of another, with intent to deprive him of the property.” § 13A-8-13. The extortion in the first degree with which the defendant was charged involved the threat to cause physical harm, § 13A-8-14, § 13A-8-l(13)(a), and the threat of physical confinement or restraint. §13A-8-14, § 13A-8-l(13)(c). “A person is guilty of an attempt to commit a crime if, with the intent to *1199 commit a specific offense, he does any overt act towards the commission of such offense.” § 13A-4-2(a).
A single act may be prosecuted and punished under different statutory provisions if each offense requires proof of an element that the other does not. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) (sale of drug on one day not bar to prosecution for sale on another day). “The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.... ‘A single act may be an offense against two statutes: and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.’ ” Blockburger, 234 U.S. at 304, 52 S.Ct. at 182, 76 L.Ed. 306. This test is “satisfied only if each offense requires proof of elements not required by the other offense.” Project: Fourteenth Annual Review of Criminal Procedure: United States Supreme Court and Courts of Appeals 1983-84, 73 Geo.L.J. 249, 551, n. 1731 (1984).
“A plea of former jeopardy is unavailing unless the offense presently charged is precisely the same in law and fact as the former one relied on under the plea. And this is true even if both cases are founded on the same facts but the crimes charged were not the same in law.” Racine v. State, 291 Ala. 684, 686, 286 So.2d 896, 898 (1973) (nol-prossed vagrancy charge not bar to prosecution for possessing marijuana). “The key to our determination is whether each of these offenses requires proof of a fact which is not required for the other offenses.” Sales v. State, 460 So.2d 1255, 1256 (Ala.Cr.App.1984) (conviction for menacing, criminal mischief and criminal trespass not bar to prosecution for theft).
A comparison of the definitions of the crimes of attempted extortion in the first degree and obstructing governmental operations discloses that there are essential elements of each offense which are not elements of the other. Therefore, these crimes are separate and distinct offenses. See Rowell v. State, 447 So.2d 193, 196 (Ala.Cr.App.1983), cert. quashed, 447 So.2d 196 (Ala.1984) (conviction for criminal mischief not bar to prosecution for burglary).
The offense of obstructing governmental operations defined by § 13A-10-2 is an offense against public administration designed to condemn the actual obstruction, hindrance, or impairment through the use of intimidation, physical force, or interference, or other unlawful act of the administration of the law or other governmental function. § 13A-10-2 Commentary. Extortion under § 13A-8-13 is a theft-related offense and “usually is nothing more than a wrongful acquisition of property by intimidation with a larcenous intent.” §§ 13A-8-13 through 13A-8-15 Commentary.
Obstructing governmental operations is not a lesser included offense of extortion. See § 13A-1-9 defining lesser included offenses.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.