Carl Dennis Hammond was convicted for the unlawful possession of phenmetrazine and sentenced to fifteen years' imprisonment. Four issues are raised on this appeal of that conviction.
 I
The jury's verdict read: "We the jury find the defendant guilty of possession of phenmetrazine as charged in the indictment. We believe that it was constructive possession." Hammond contends that he "was merely a conduit, signing for what he considered a harmless package" and that the state failed to prove his constructive possession of the drugs. Appellant's brief, p. 34.
This issue is not preserved for review. There was no motion of any type challenging the sufficiency of the evidence *Page 845 
filed at any time in the circuit court. There was not even a written charge requesting a directed verdict or judgment of acquittal. The alleged insufficiency of the evidence to support a conviction was not a ground of the motion for new trial. Consequently, this issue is not available for review. Riner v.State, 241 Ala. 166, 1 So.2d 403 (1941); Pugh v. State,239 Ala. 329, 331, 194 So. 810 (1940); Thompson v. State,347 So.2d 1371, 1373 (Ala.Cr.App.), cert. denied, Ex parte Thompson,347 So.2d 1377 (Ala. 1977), cert. denied, Thompson v. Alabama,434 U.S. 1018, 98 S.Ct. 740, 54 L.Ed.2d 765 (1978); Gilbreath v.State, 54 Ala. App. 676, 681, 312 So.2d 81 (1975).
 II
Any error in the admission of the police officer's testimony that the pink tablets were preludin was harmless in view of the subsequent testimony of a toxicologist and properly qualified expert that the tablets were preludin, a trade name, and contained the controlled substance phenmetrazine.
"The rule is that testimony apparently illegal upon admission may be rendered prejudicially innocuous by subsequent legal testimony to the same effect or from which the same facts can be inferred." Yelton v. State, 294 Ala. 340, 342, 317 So.2d 331
(1974). See also Ex parte Bush, 474 So.2d 168, 171 (Ala. 1985). "Admissions of incompetent evidence are harmless, where the fact to which that evidence relates is otherwise established by competent evidence." Smith v. State, 229 Ala. 207, 208,157 So. 874 (1934).
 III
The trial judge properly sustained defense counsel's objection to the prosecutor's statement in closing argument that the defendant's name was Carl Dennis Hammond. There was evidence that the defendant, Carl Hammond, identified himself as Carl Dennis. However, although the defendant was described in the indictment as Carl Dennis Hammond, there was no evidence presented that the defendant was Carl Dennis Hammond.
Even though the comment was improper, the trial court's denial of the requested mistrial was properly denied. "A motion for a mistrial should not be granted where the prejudicial qualities of the comment can be eradicated by action of the trial court." Nix v. State, 370 So.2d 1115, 1117 (Ala.Cr.App.), cert. denied, Ex parte Nix, 370 So.2d 1119 (Ala. 1979). Here, the trial court instructed the jury to "disregard that remark of the District Attorney because I don't remember any evidence of that" and that the jury should be guided by their collective recollection of the evidence.
We did not find that the comment was so offensive and prejudicial that it constitutes fundamental error vitiating the result of the trial. "[T]he trial court is best able to assess the issues, parties, and circumstances of each case and determine the potential prejudicial impact of the improper argument." Taylor v. State, 408 So.2d 551, 553 (Ala.Cr.App. 1981), cert. denied, Ex parte Taylor, 408 So.2d 555 (Ala. 1982).
Defense counsel also objected to the prosecutor's argument, "[T]hese pills right here, these aren't no-doze. These aren't diet pills. These pills right here could kill. These pills right here are what's going into the veins of people in Mobile County. People are not buying these drugs for ten dollars apiece — ." The trial court did not rule on defense counsel's objection but responded, "All right. Well the time is up Ms. Tanner." Without an adverse ruling by the trial court, there is nothing for this Court to review. Jackson v. State, 260 Ala. 641,644, 71 So.2d 825 (1954); Van Antwerp v. State,358 So.2d 782, 790 (Ala.Cr.App.), cert. denied, Ex parte Van Antwerp,358 So.2d 791 (Ala. 1978). The trial court's response of "all right" does not constitute a ruling. Gross v. State,395 So.2d 485, 488 (Ala.Cr.App. 1981).
 IV
The trial court did not err in denying the motion for new trial. As previously noted, *Page 846 
the motion did not challenge the sufficiency of the evidence. That motion only raised issues concerning the sentence.
There were 320 preludin tablets involved in this case. Hammond's sentence of fifteen years' imprisonment is the maximum authorized for the charged offense, Alabama Code 1975, § 20-2-70(a). This sentence was to run concurrent with a sentence of six months Hammond was serving for intimidating a witness.
It has not been argued that the sentence is disproportionate under Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001,77 L.Ed.2d 637 (1983). Under these circumstances, we are not willing to conclude that Hammond's sentence is so disproportionate to the offense charged that it constitutes a violation of his constitutional rights under the Eighth Amendment. Ex parteMaddox, Callahan, and Gillum, 502 So.2d 786 (Ala. 1986). See also Ex parte Harbor, 465 So.2d 460 (Ala. 1985).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.