BOWEN, Presiding Judge.
William H. McCormick was convicted of driving under the influence of alcohol, fined $250, and sentenced to 30 days in the city jail. The jail sentence was suspended and the defendant was placed on probation. One issue is presented on this appeal from that conviction.
The complaint charged the defendant with driving, or being in actual physical control of, a vehicle while under the influence of alcohol, in violation of Alabama Code 1975, § 32-5A-191(a)(2). After his arrest, the defendant refused to take a *329 He waived a jury trial and breath test, was tried by a circuit court judge, who found the defendant guilty. In making this finding, the trial judge stated:
“Mr. McCormick, based on the evidence, I am going to find you guilty of driving under the influence. I find from the evidence that you were under the influence of alcohol to some degree, but that you were not under the influence to the extent that it caused you to be unable to safely drive a motor vehicle.”
The defendant now argues that this finding is contradictory and contends that a motorist can only be guilty of driving under the influence of alcohol as defined in § 32-5A-191(a)(2), when his ability to drive is impaired through the consumption of alcohol and he is incapable of driving safety-
This issue has not been preserved for review because this question was not presented in any form to the circuit court. There was never any motion for a judgment of acquittal, see Temp.A.R.Cr.P., Rule 12.2, and there was no motion for a new trial, Rule 13(a). Hammond v. State, 502 So.2d 843, 845 (Ala.Cr.App.1986), cert. denied, — U.S. -, 107- S.Ct. 3193, 96 L.Ed.2d 681 (1987). See also Ex parte Maxwell, 439 So.2d 715, 717 (Ala.1983).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.