BARRON, Judge.
Larry Dale Green was indicted by a Jefferson County Grand Jury for burglary in the third degree. He was convicted by a jury, was adjudicated guilty by the trial court, and was sentenced under the Habitual Felony Offender Act to fifty years. From that judgment, he appeals.
At the. conclusion of the State’s case, appellant moved to exclude the State’s evidence on the grounds that the State had not proved a prima facie case. The motion was denied by the trial court, and that denial is the only issue presented on appeal.
We hold that the State proved a prima facie case of burglary in the third degree, and thus that appellant’s motion to *705 exclude was properly denied by the trial court.
The elements of burglary in the third degree consist of (1) knowingly entering or remaining unlawfully in a building and (2) intent to commit a crime therein. Ala.Code § 13A-7-7 (1975).
Appellant’s fingerprint was found on a silver plate, which had been tossed on the floor in the home that was recently burglarized. The owner of the home testified that his home in Jefferson County was burglarized on November 19,1980, when he and his wife were not at home, and that a number of items, totaling about five or six thousand dollars in value, were missing, including silver items, camera lenses, watches and jewelry. The owner further testified that he had never seen appellant before the trial, that he did not know him, and that he had never given appellant permission to go inside his home. Further, there was testimony to the effect that on the day of the burglary “a white male was seen coming down from the home carrying a pillow case full of something and a silver tray.” This evidence presents a prima facie case of the charged offense.
In determining the sufficiency of the evidence for this purpose, we are required to consider the evidence in the light most favorable to the prosecution and accord to the State all legitimate inferences therefrom. See Johnson v. State, 378 So.2d 1164 (Ala.Crim.App.), cert. denied, 378 So.2d 1173 (Ala.1979); and Bozeman v. State, 401 So.2d 167 (Ala.Crim.App.), cert. denied, 401 So.2d 171 (Ala.1981).
The judgment of the trial court is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.