JOSEPH J. MULLINS, Retired Circuit Judge.
The appellant duly and legally entered a plea of guilty to the charge of receiving stolen property in the first degree, a Class B Felony, and after a hearing duly and legally held, the court, finding the appellant had 5 prior felony convictions, sentenced the appellant to be imprisoned in the penitentiary for a period of life. The appellant gave notice of appeal to this Court.
The appellant was represented at all proceedings in the trial court by court-appointed counsel, and is so represented in this Court. This appeal was submitted to this Court on briefs.
Appellant contends in his brief that the trial court erred to his prejudice in overruling the appellant’s objection to the records that were used to prove the appellant’s prior convictions when the State of Alabama sought to enhance the appellant’s sentence under the Alabama Habitual Offenders Act.
State’s exhibits 1, 2, 3, 4 and 5 were all trial docket sheets properly certified to by the Clerk of the Circuit Court of Jefferson County, Alabama. Each sheet is identified by the style of the case and a case number, and shows on its face the name of the *558 defendant, a conviction for a felony, that the defendant was represented by counsel and his name. The only objection made by the appellant is, when the exhibits were introduced, that they were not properly certified. We have examined each exhibit, and find that each was, in fact, properly certified to by the Clerk of the 10th Judicial Circuit of Alabama.
Acts of Alabama, 1971, Volume III, Page 1847, at page 1848, provides:
“Section I. That in all counties having a population of 500,000 or more according to the last or any subsequent federal census, all orders and decrees shall be made and entered by Circuit Judges sitting in and for said counties on a sheet or sheets now commonly called trial sheets, that there shall be a trial sheet or sheets for each case docketed in such courts properly identified by the style of the case and a case number.
“Section 2. That after all orders and decrees have been made and entered, in any case, by the Circuit Judge or Judges sitting in and for such counties, the Clerk of the Circuit Courts of such Counties shall file such sheets in numerical order in well bound books labeled ‘Minute Books’ and such judgments or decrees shall have the same force and effect as Minutes of the Circuit Courts of the said counties prior to the passage and approval of this act.”
We hold that the trial court’s docket sheets properly certified to by the Clerk of the 10th. Judicial Circuit were properly considered by the trial court, and that the court did not err to the prejudice of the appellant by overruling his objections to them. Acts Of Alabama, supra; Douglas v. State, Ala.Cr.App., 406 So.2d 1051; Certiorari Denied, Ala., 406 So.2d 1053; Thomas v. State, Ala.Cr.App., 395 So.2d 1105; Gilbert v. State, Ala.Cr.App., 410 So.2d 473.
There being no other error complained of by the appellant, the judgment of the trial court is due to be, and is hereby affirmed.
The foregoing opinion was prepared by Honorable JOSEPH J. MULLINS, a retired Circuit Judge, serving as a Judge of this Court; his opinion is hereby adopted as that of the Court.
The judgment below is hereby affirmed.
AFFIRMED.
All the Judges concur.