Richard Owen Long was convicted, after trial by jury, of unlawfully breaking and entering a vehicle, a violation of Section 13A-8-11 (b), Code of Alabama 1975. This offense is designated a class C felony. After the jury verdict, a date for sentencing was set; and a pre-sentence report was ordered by the court. The appellant was notified in writing immediately after the jury verdict of the state's intentions to pursue sentencing under the Habitual Felony Offender Act, which notice also listed the prior felony convictions upon which the State would rely. At the sentencing hearing some eight days later, the Assistant District Attorney introduced certified copies of minute entries of judgments reflecting that appellant had been convicted previously of five separate felony offenses in the United States District Court, Northern District of Alabama; and the appellant was sentenced in accordance with the applicable portion of the Habitual Felony Offender Act (Section 13A-5-9
(c)(1), Code of Alabama 1975), to a period of fifteen years' imprisonment in the penitentiary.
At the trial of this case, Ricky E. Bradbury testified that he had driven his 1978 blue, Z-28 Camaro automobile, on the evening of February 14, 1981, to a lounge known as Al's Crossroads on Parkway East in Birmingham. He had arrived there sometime between the hours of 9 and 10 p.m. and parked his car in a lot behind the lounge building. He locked the doors to his vehicle before going inside, where he met a number of friends. Later, he was asked by someone over the public address system to go to his car; and upon arriving at the place where he had left it, he found that the door on the driver's side was open, that a policeman was standing nearby, and that the console was standing open. At the officer's request, Bradbury searched his automobile to ascertain whether or not anything was missing. At some point thereafter, Bradbury determined that a watch which belonged to him was missing. He identified a watch which, at this time, was in the possession of the police officer as belonging to him and as being the one which had disappeared from his car.
Richard Landers, a police officer for the City of Birmingham, testified that he was working the 11 p.m. to 7 a.m. shift in the Parkway East area on February 14-15, 1981. At approximately 11:20 p.m. on the 14th, he arrived in the parking lot of Al's Crossroads, where he left his patrol car and began to walk about the lot. In the rear part of the parking area, he observed a man (whom he later identified as the appellant) walking alone from car to car, peering inside these vehicles, and "pulling on door handles". He then saw the appellant proceed to the 1978 blue, Z-28 Camaro belonging to Ricky E. Bradbury, remove a *Page 660 
coathanger wire from under his overcoat, and stick it through the window on the driver's side. Within ten seconds, he saw the appellant unlock the door and open it. He testified that the appellant then got into the car, sitting in the driver's seat. Officer Landers, at this point, radioed for a backup unit and began walking toward the Bradbury car. The officer opened the car door and asked the appellant to step out, which he did. Long began walking to the back of the vehicle, where he dropped the coathanger wire, which, at this time, had been rolled or folded into a ball. Officer Landers asked him if the car were his, to which question the appellant replied, "What car?" Appellant also denied that he had just gotten out of any car. Landers then placed the appellant under arrest and proceeded to search him for weapons. During the search, he removed the man's watch from the appellant's pocket which Ricky Bradbury later identified as belonging to him and as having disappeared from his automobile.
After the testimony of Ricky Bradbury and Richard Landers, the State rested its case.
The appellant offered only one witness, his cousin, James Earl Hodges. Mr. Hodges testified that he had met appellant at Al's Crossroads between 9 and 9:30 p.m. on the evening in question, that they had had four or five drinks, and then walked out of the lounge building into the parking lot together around 11:15-11:20. They talked for a few minutes and then parted company, each going his own way.
The appellant presents five issues for review on this appeal, and those issues will be covered basically in the same order presented by the appellant.
The first issue presented, which is broken into three sub-issues, questions the application of Alabama's Habitual Felony Offender Act in increasing the appellant's punishment beyond that ordinarily prescribed for a class C felony. He contends that prior felony convictions under federal law dating back to January 9, 1969, and April 11, 1969, should not have been considered in the sentencing process in that they were too remote and in that these convictions were governed by a different set of procedural and evidentiary rules. Appellant also argues that he was not given proper notice of the State's intentions to proceed under the Habitual Felony Offender Act. He likewise says that he was not properly notified of the prior convictions upon which the State would rely. Appellant further questions the State's use of his prior federal conviction under the Dyer Act (interstate transportation of a stolen vehicle) to enhance his punishment.
Section 13A-5-9 (c), Code of Alabama 1975, in very clear and concise language, provides that:
 "In all cases when it is shown that a criminal defendant has been previously convicted of any three felonies . . . he must be punished as follows:" (Emphasis added.)
No age limit on convictions which may be used to enhance punishment has been prescribed by the legislature and, therefore, it can only be assumed that none was intended. The trial court did not err in considering felony convictions which had been obtained thirteen years previously in sentencing appellant, nor did it err in considering his federal conviction under the Dyer Act, or any of his other federal convictions for that matter. All prior felony convictions may be considered in connection with the Habitual Felony Offender Act, regardless of what their origin may be. Watson v. State, 392 So.2d 1274
(Ala.Cr.App. 1980), cert. denied, 392 So.2d 1280 (Ala. 1981). Assuming for the sake of argument that the conviction under the Dyer Act should not have been considered, the error would have been harmless as there were four other prior felony convictions proven against appellant.
Appellant's contention that he was not given proper notice of the prior felony convictions upon which the State relied is without merit. Written notice of the State's intentions listing his prior convictions was given him after the trial on August 11, 1982, and the sentencing hearing *Page 661 
was not held until August 19, 1982. He knew for eight days prior to sentencing what the State intended to prove. This meets the requirements of the applicable Alabama law. Section13A-5-10 (a), Code of Alabama 1975; Rule 6 (b)(3)(ii), Alabama Rules of Criminal Procedure-Temporary Rules; Holley v. State,397 So.2d 211 (Ala.Cr.App. 1981); Holsclaw v. State,406 So.2d 1019 (Ala.Cr.App.), cert. denied, 406 So.2d 1020 (Ala. 1981).
The second issue which appellant presents for review on appeal, which once again is divided into three sub-issues, deals with the application of the law to the facts in the case. He first insists that the criminal offense of unlawful breaking and entering a vehicle was not proven because the State failed to establish the value of the watch which was allegedly taken by appellant from the vehicle. Secondly, he says that there were material inconsistencies in the State's evidence which should bar the jury's verdict from standing, and then he argues that the evidence concerning the watch was improperly admitted because of conflicting testimony concerning its identity. None of these contentions are meritorious.
The code section (13A-8-11) proscribing the offense at issue recites:
 "(b) A person commits the crime of unlawful breaking and entering a vehicle if, without the consent of the owner, he breaks into and enters a vehicle or any part of a vehicle with the intent to commit any felony or theft". (Emphasis added.)
Section 13A-8-2, Code, defines theft of property as follows:
 "A person commits the crime of theft of property if he:
 (1) Knowingly obtains or exerts unauthorized control over the property of another, with intent to deprive the owner of his property. . . ."
There was sufficient evidence produced by the State from which the jury could have concluded that the appellant, in breaking and entering Ricky Bradbury's automobile, intended to obtain or exert unauthorized control over property belonging to another and to deprive the owner of that property. Whether or not a theft was actually perpetrated is not the deciding factor in determining if facts exist which are essential to constitute the offense. The appellant's intent at the time of the breaking and entering is the important element, and the jury certainly had evidence from which it could conclude, not only that the appellant broke into and entered this vehicle, but also that he intended to steal when he did this. A failure to prove the value of the watch in question is immaterial.
The inconsistencies in the State's evidence which the appellant points out, including the identification of the watch, were matters, the weight and credibility of which, addressed themselves to the jury. The jury resolved those against the appellant. There was no error in the trial court's submission of the case to the jury, as substantial evidence was produced to prove that the crime was committed and that the appellant was the perpetrator.
Appellant's third point, upon which he asks for reversal of this case, is that the Assistant District Attorney in making his final argument to the jury referred to the appellant as a "pro" and, by this reference, implied that appellant had been involved in this sort of activity before. The word "pro," as used here, is an abbreviation for the word "professional." A professional is defined as "one who engages in a particular pursuit, study or science for gain or livelihood" or "one who belongs to one of the learned professions or is in an occupation requiring a high level of training and proficiency."Webster's Third New International Dictionary (1961). The uncontradicted testimony of Officer Landers was that it took appellant only five to ten seconds to unlock and open the car door with a coathanger wire. The State has a right to draw proper inferences from the evidence and to draw conclusions from the evidence based on its own reasoning. Borden v. State,337 So.2d 1388 (Ala.Cr.App. 1976); Speigner v. State,369 So.2d 39 *Page 662 
(Ala.Cr.App.), cert. denied, 369 So.2d 46 (Ala. 1979). There was nothing improper here in the State's implication that the appellant was proficient or skillful in his manner of gaining entry to this vehicle, notwithstanding that this implication may have also carried with it the implication that appellant had engaged in such activity previously. Surely, it would not be unfair to infer that one who unlocks and opens a locked car with a coathanger wire within five to ten seconds has had previous practice at this feat.
The appellant next contends that the trial court committed reversible error in denying his motion for new trial and his "motion for judgment of acquittal after verdict or judgment of conviction." At the oral hearing of the latter motion, no additional evidence was offered except for affidavits of appellant and his cousin, James Earl Hodges. Hodges was present and testified at the trial. Nothing appears in either of these affidavits which appellant and his attorney did not know, or by the exercise of reasonable diligence could not have known, before or during the trial. There was, therefore, no error in the denial of these motions. Davis v. State, 245 Ala. 589,18 So.2d 282 (1944); Mealer v. State, 242 Ala. 682, 8 So.2d 178
(1942).
Finally, appellant insists that the trial court erred to reversal by allowing into evidence an excerpt from the police report prepared by Officer Landers. On cross-examination of Officer Landers by appellant's trial counsel, extensive questioning took place concerning this particular part of the report. It was clearly not error for the court to allow this excerpt to go to the jury. The appellant opened this line of questioning; therefore, he cannot now complain of the admission of this evidence to which he himself first made reference. Coxv. State, 280 Ala. 318, 193 So.2d 759 (1967); Tiner v. State,271 Ala. 254, 122 So.2d 738 (1960).
We have carefully searched the record for errors injuriously affecting the substantial rights of appellant and have found none. The judgment of conviction is, therefore, affirmed.
The foregoing opinion was prepared by the Honorable JERRY M. WHITE, Circuit Judge, temporarily on duty on the court pursuant to § 12-2-30 (b)(6), Code of Alabama 1975; his opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.