This appeal follows a conviction for the offense of burglary in the third degree, in violation of § 13A-8-5, Code of Alabama
(1975), and sentence of fifteen years' imprisonment as a habitual offender. For the reasons outlined below, the judgment of conviction and the sentence are due to be affirmed.
On the morning of August 12, 1984, Vernon Roe, Police Officer, Thomasville Police Department, testified that he received a call concerning a possible burglary at Johnson's Shopping Center in Thomasville, Alabama. When Officer Roe arrived on the scene, Lorenzo Johnson, the owner of the store, was present. Johnson told Officer Roe that a gun and some insurance papers had been taken from his grocery store, which was located in the shopping center. The front window of the store had been broken. Evidently, a 55 gallon drum, partially full of broken bottles, cans, and other trash was used to smash the window. Officer Roe observed blood on some of the glass, as well as inside the store. Additionally, he saw some drops of blood on the ground directly outside the broken window.
Officer Roe testified that he observed spots of blood leading from the broken window west toward Talhada Springs Road. The drops of blood led toward the direction where the appellant was subsequently found lying next to the road, holding a sack of groceries that contained Johnson's insurance papers. After the appellant was taken into custody, Officer Roe observed that the appellant had a fresh cut on his elbow.
Harold Williams, Police Officer, Thomasville Police Department, testified that he, along with another police officer, responded to a burglary call at Johnson's Grocery, Thomasville, Alabama, around 5:30 on the morning of August 12, 1984. When he arrived on the scene, he observed a broken window, a trash barrel and drops of blood near the window. Officer Williams followed the trail of blood and found the appellant "passed out," lying next to the road, with something beneath him. Officer Williams approached the appellant, who appeared to be "highly intoxicated," and rolled him over. Underneath the appellant was a bag of groceries, which came from Johnson's Grocery Store. The appellant was taken into custody, transported to the county jail, and placed under arrest.
The items in the grocery store were inventoried and the merchandise was returned to Mr. Johnson. Johnson identified the merchandise as belonging to his store. Approximately five or six dollars' worth of candy was found in the bag.
Officer Williams testified that he saw spots of blood leading from the broken window at the grocery store, toward Talhada Springs Road, and in the direction where the appellant was subsequently found. Officer Williams also testified that the appellant had a fresh cut on his elbow and there was blood on the grocery bag which the appellant was holding when he was apprehended. Along with the food items found in the grocery bag, insurance papers belonging to Lorenzo Johnson were also found in the bag.
Lorenzo Johnson testified that he operates "Johnson's Shopping Center" in Thomasville, Alabama, which includes a grocery store. According to Mr. Johnson, he conducted business at the grocery store on *Page 640 
August 11, 1984, and left the store around 2:30 a.m. Johnson returned to the store later that morning when he received a call informing him that the store had been burglarized. After he called the police, Mr. Johnson inspected the damage to the store, which included broken display windows and a broken glass door. A drawer underneath the cash register had been broken into and Johnson discovered that some insurance papers, as well as a gun, were missing.
When the police brought the appellant to Mr. Johnson around 5:30 on the morning in question, the appellant told Johnson that he "didn't do it." That same day, the police officers returned the insurance papers, as well as some grocery items, to Johnson. At a later date, the gun was also returned to him.
On behalf of the appellant, James Turner testified that he, along with Rosetta Clark, met the appellant after midnight on the night in question. Together, they drank approximately three half-pints of whiskey. Turner left around 3:00 a.m., and did not know where the appellant went after he left. Turner stated that the appellant was not cut or bleeding when he saw him that morning.
The appellant's mother, Mrs. Maggie Bell Smith, testified that she was awakened around 4:00 a.m. on the morning in question and heard Officer Williams calling out her son's name. According to Mrs. Smith, her son was asleep in the yard. Officer Williams woke the appellant up and told him to "go home." Later, according to Mrs. Smith, the officers returned, after they "left out of the shop" and found her son asleep by the road. Mrs. Smith stated that she did not see a paper bag with her son when he was awakened by the police.
The jury returned a verdict of guilty of the offense of burglary in the third degree. At a separate sentencing hearing, the State admitted certified copies of previous felony convictions into evidence, over the objection of the appellant. Applying the provisions of the Alabama Habitual Felony Offender Act, the trial court sentenced the appellant to 15 years' imprisonment. Two issues are raised on appeal.
The first issue is stated as follows: "[Did] the trial court commit reversible error by denying the defense motion for directed verdict of not guilty?" According to the appellant, the State did not prove the allegations contained in the indictment. Because the indictment stated that the offense was committed with the intent to "commit the crime of theft of property in the second degree," the appellant argues that the State's failure to prove the value of the stolen property constitutes reversible error.
In pertinent part, the indictment which was entered against the appellant in the case sub judice charged as follows:
 "Willie L. Smith, . . . did, knowingly enter or remain unlawfully in a building of Lorenzo Johnson with the intent to commit a crime therein to-wit: Theft of Property, in violation of § 13A-8-4 of the Code of Alabama."
Under the facts of this case, had the indictment charged the appellant with the offense of theft of property in the seconddegree, as codified in § 13A-8-4, Code of Alabama (1975), the State would have been required to prove that the value of the stolen property exceeded $25.00 or that a "firearm, rifle or shotgun" was stolen. The appellant, however, was charged with and convicted of the offense of burglary in the third degree
which is statutorily defined as follows:
 "A person commits the crime of burglary in the third degree if he knowingly enters or remains unlawfully in a building with intent to commit a crime therein." § 13A-7-7 (a), Code of Alabama
(1975).
In Green v. State, 424 So.2d 704, 705 (Ala.Cr.App. 1982), this court noted that the following elements must be proved to sustain a conviction for the offense of burglary in the third degree:
 "The elements of burglary in the third degree consist of (1) knowingly entering or remaining unlawfully in a building *Page 641 
and (2) intent to commit a crime therein. Ala. Code § 13A-7-7 (1975)."
In the instant case, the evidence presented by the State was sufficient to sustain the conviction. Contrary to the appellant's position, it was not necessary that the State prove that the intended criminal act was completed. As this court, per Presiding Judge Bowen has stated:
 "It is not required, to sustain a conviction for burglary, that the intended act was consummated. Hamilton v. State, 270 Ala. 184, 116 So.2d 906
(1960); Holland v. State, 247 Ala. 53, 22 So.2d 519
(1945); Howard v. State, 355 So.2d 1143
(Ala.Cr.App. 1978). Consequently, it was not necessary for the State to prove a completed crime of harassment." Rowell v. State, 447 So.2d 193, 196
(Ala.Cr.App. 1983), cert. quashed, 447 So.2d 196
(Ala. 1984).
In an analogous case, this court, per the Honorable Jerry M. White, Circuit Judge, upheld a conviction for the offense of unlawful breaking and entering of a vehicle even though the value of the property stolen from the car was not proved. Longv. State, 446 So.2d 658 (Ala.Cr.App. 1983). In Long, the appellant argued that the failure of the State to prove the value of the watch which was unlawfully taken from the vehicle in question was reversible error. After noting that the offense of unlawful breaking and entry of a vehicle must be committed with "the intent to commit any felony or theft," this court inLong stated as follows:
 "There was sufficient evidence produced by the State from which the jury could have concluded that the appellant, in breaking and entering Ricky Bradberry's automobile, intended to obtain or exert unauthorized control over property belonging to another and to deprive the owner of that property. Whether or not a theft was actually perpetrated is not the deciding factor in determining if facts exist which are essential to constitute the offense. The appellant's intent at the time of the breaking and entering is the important element, and the jury certainly had evidence from which it could conclude, not only that the appellant broke into and entered this vehicle, but also that he intended to steal when he did this. A failure to prove the value of the watch in question is immaterial." Id., at 661.
It is apparent from the evidence presented at trial that the appellant, in this case, knowingly entered or remained unlawfully in the grocery store and, additionally, did so with the intent to commit the crime of theft of property. Whether the State proved that the intended offense was actually consummated is immaterial.
 II
The second issue is stated as follows: "[Did] the trial court commit reversible error in sentencing under the Habitual Offender Act by overruling defense objections to admitting reports as to prior felonies without proof of identity of persons named therein." Appellant cites no authority for his argument and, in fact, the following two sentences constitute the entirety of the written argument on appeal:
 "The second issue presented to this Honorable Court relates to sentencing under the Habitual Offender Act without proof that the person named in the report was the same person that appeared before the court in this case. It is the contention of the appellant that where such clear evidence is not before the court that sentencing should not have been under the Habitual Offender Act."
Although it is not apparent from the appellant's argument, as quoted above, it would appear that reference to "the report" should be taken as referring to the proof of prior felony convictions which was introduced at the sentencing hearing.
At the separate sentencing hearing, the State presented certified copies of three prior felony convictions of "Willie Lewis Smith", which were for crimes committed in Clarke County, Alabama. Prior to the time that the certified copies of prior convictions were presented, an objection to a presentence report was made by defense counsel and overruled by the trial court. The trial court also overruled a defense *Page 642 
objection to the actual proof of the prior convictions based on several grounds, including the failure of the State to prove that the appellant was the "same individual named therein."
Once the State has made proper proof of prior convictions for sentence enhancement purposes, and an objection to that proof is made, the defendant bears the "burden of presenting evidence in support thereof." Tate v. State, 435 So.2d 190, 195
(Ala.Cr.App. 1983) (citation omitted). At the trial court level, the appellant offered no evidence in support of his claim that the person named in the prior convictions was not one and the same as the appellant in the instant case. As this court has stated, "identity of name raises a presumption of person." Crawford v. State, 479 So.2d 1349, 1355 (Ala.Cr.App. 1985) (citations omitted). "There is a prima facie presumption that where two names are identical that those names refer to the same person." Davis v. State, 457 So.2d 992, 995
(Ala.Cr.App. 1984). Because the appellant did not rebut this presumption, the trial court correctly concluded that proper proof of prior convictions of crimes committed by thisappellant had been made, and the appellant was sentenced accordingly.
AFFIRMED.
All the Judges concur.