516 So.2d 774 (1987)
Carnel JACKSON
v.
STATE.
6 Div. 767.
Court of Criminal Appeals of Alabama.
March 24, 1987.
On Return to Remand October 13 and November 10, 1987.
PATTERSON, Judge.
Pursuant to the decision of the Alabama Supreme Court in Jackson v. State, 516 So.2d 768 (Ala.1986), this case is remanded to the Circuit Court of Jefferson County, with directions to determine whether the facts of this case establish a prima facie showing of purposeful discrimination under Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 1722-23, 90 L.Ed.2d 69 (1986). If the circuit court determines that a prima facie showing has been established, the court must afford the prosecution the opportunity to come forward with race-neutral explanations, if any, for its use of the peremptory strikes. If the prosecution is unable to do so, then appellant is entitled to a new trial. Jackson, 516 So.2d at 770. Upon disposition, the court shall make written findings of fact on this issue and make due return to this court.
REMANDED WITH DIRECTIONS.
All Judges concur.

ON RETURN TO REMAND
PATTERSON, Judge.
This court remanded this case to the Circuit Court of Jefferson County and directed it to conduct an evidentiary hearing to determine whether the facts establish a prima facie showing of purposeful discrimination under Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and, if so, to allow the prosecutor an opportunity to provide race-neutral explanations, if any, for his peremptory strikes in selecting the jury which convicted appellant. On remand, the trial court complied with the order of this court and has filed a return. The return shows that, after holding an evidentiary hearing, the trial court issued a written order in which it made the following findings:
"This cause having been remanded to the Circuit Court of the Tenth Judicial Circuit of Alabama by the Alabama Court of Criminal Appeals in accordance with the Supreme Court decision in Jackson v. State, [Ms. 84-1112, December 12, 1986] [516] So.2d [768] (Ala.1986), for the Court to determine whether or not a prima *775 facie showing has been established under Batson v. Kentucky, 476 U.S. 79 [106 S.Ct. 1712, 90 L.Ed.2d 69 (1986)] ... and further to afford the prosecution an opportunity to come forward with race-neutral explanations, if any, for its use of the preemptory [sic] strikes.
"After hearing, and after a prima facie showing having been made under Batson, supra, the State not being able to come forward with race-neutral explanations of its preemptory [sic] strikes. The prosecution then informed the Court at said hearing that its jury selection records were not complete, and though it did not concede racial bias, it could not satisfy its burden of proof as mandated by Batson.

This Court, having complied with the orders and directions on remand [and now] having made its finding in writing and made return of said findings to the Alabama Court of Criminal Appeals, we will now await further orders from said Court of Criminal Appeals."
It appears from the return that a prima facie showing of purposeful discrimination was made, and that the prosecution was unable to produce race-neutral explanations for its peremptory strikes. Thus, pursuant to the holdings in Batson v. Kentucky and Jackson v. State, 516 So.2d 768 (Ala.1986), the appellant, Carnel Jackson, is entitled to a new trial. We, therefore, remand this cause to the trial court with instructions that it enter an order granting appellant a new trial. Upon the filing of such an order, the trial court shall furnish this court with a copy of it so that we can dismiss this appeal.
OPINION EXTENDED; REMANDED WITH DIRECTIONS.
All Judges Concur.

ON RETURN TO REMAND
PATTERSON, Judge.
On remand the trial court complied with the instructions of this court and entered an order on October 16, 1987, setting aside the judgment of conviction and granting appellant a new trial. A copy of said order having been filed with this court, this appeal is due to be, and it is hereby, dismissed.
OPINION EXTENDED; APPEAL DISMISSED.
All Judges concur.