The appellant, Jimmy Davis, was convicted of rape in the first degree, a violation of § 13A-6-61, Code of Alabama 1975, and was sentenced pursuant to the Habitual Felony Offender Act to life imprisonment without the possibility of parole. Four issues are raised on appeal.
The evidence as presented by the State tended to establish that around 7:30 a.m. on August 29, 1986, the 17-year-old victim left her home and began walking to nearby Parker High School for drill team practice. On her way to school that morning, a man, later identified as the appellant, approached the victim from behind, put a knife to her throat, and forced her under an interstate highway underpass. Appellant told the victim to take her clothes off. He then proceeded to rape her. Following the rape, appellant told the victim that she could put her clothes back on, but that she was to remain where she was until he had left.
The victim got dressed and walked to Parker High School, where she met Barbara Strong, the school secretary. Upon learning of the assault, Ms. Strong called the police and then took the victim home. Shortly after Ms. Strong and the victim arrived at the victim's home, the police arrived. A statement was taken, and the victim and her mother were transported to Cooper Green Hospital.
At Cooper Green Hospital, the victim was examined by Dr. Betty Howton and nurse Mildred DeVaughn. Dr. Howton noted that the victim had abrasions on her knees. Dr. Howton also performed a pelvic examination of the victim, and collected vaginal swabs for the rape kit.
Following her examination at the hospital, the victim and her mother were transported to the police station, where the victim was asked to look through two books of photographs in an attempt to identify her assailant. She was unable to identify anyone at that time. However, on February 19, 1987, the victim viewed a line-up and was able to positively identify the appellant from the line-up as her assailant.
Larry Huys, a serologist with the Alabama Department of Forensic Sciences, examined a semen sample taken from the appellant and the seminal fluids found in the victim at the time of Dr. Howton's examination. Huys was unable to find the presence of spermatozoa in either sample. Mr. Huys went on to testify that the absence of spermatozoa in a semen sample would not necessarily mean that the individual from whom the sample was taken would be sterile. This concluded the State's case.
Valerie Hill was the lone witness for the defense. She testified that she had known the appellant for two years. She further testified that she and the appellant lived together during 1986. Hill stated that she gave birth to a baby on June 26, 1987, and that appellant was the father of her child. The baby's birth certificate, however, did not list appellant as the father.
 I
Appellant first contends that the trial court denied him "the right to a jury trial by struck jury in taking away one of the Defendant's rights to protect the 'constitutional rights' of the juror," and thus, "stripped the Defendant of his right to select a jury according to the rules and procedures afforded the Defendant to hear *Page 579 
and return a verdict on the pending charges against him." We take this contention to mean that the trial court erred to reversal in applying the rule of Batson v. Kentucky,476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), to peremptory strikes by appellant's defense counsel.
After an examination of the record below, we find that it will not be possible to reach the merits of appellant's contention, as this issue has not been preserved for appellate review. The only reference to appellant's dissatisfaction with the composition of his jury contained in the record is as follows:
 "MS. HORN: Is the State satisfied that is the correct jury as struck?
"MS. EADES: Satisfied.
 "MS. HORN: Is the Defendant satisfied that is the correct jury as struck?
 "MR. QUICK: We are satisfied other than the exception we have taken."
However, this court is unable to ascertain the nature of the objection previously taken. No objections made by defense counsel appear in the transcript of the in camera hearing conducted in order to determine for what reason defense counsel used a number of his peremptory challenges to remove black females from the jury panel. Therefore, we must conclude that such an objection occurred in an off-the-record discussion between defense counsel and the trial judge. "An appellant 'bears the burden of bringing the record before an appellate court. He and his counsel have the duty of checking the record before submitting the appeal. It is their duty to file a correct record.' Harris v. State, 420 So.2d 812, 816
(Ala.Cr.App. 1982)." Welch v. State, 455 So.2d 299, 300
(Ala.Cr.App. 1984). See also Montgomery v. State, 504 So.2d 370
(Ala.Cr.App. 1987); Abbott v. State, 494 So.2d 789 (Ala.Cr.App. 1986); Parish v. State, 480 So.2d 29 (Ala.Cr.App. 1985). "A reviewing court cannot predicate error on matters not shown by the record. Indeed, a silent record supports a judgment."Robinson v. State 444 So.2d 884, 885 (Ala. 1983) (citations omitted). Thus, there is nothing for this court to review. We would note, however, that in a petition for a writ of mandamus the State requested that this court extend the rule of Batsonv. Kentucky to peremptory strikes by the defense. This petition was denied without opinion. State v. Cox, 531 So.2d 71
(Ala.Cr.App.), cert. denied, 537 So.2d 66 (Ala. 1988), cert.denied, ___ U.S. ___, 109 S.Ct. 817, 102 L.Ed.2d 806 (1989).
 II
Appellant next contends that the trial court denied his right of due process by refusing to order a paternity test on the child allegedly born to him and Valerie Hill, and that the court erred in refusing to order a second semen test of him. The absence of spermatozoa in the rape kit semen sample and in his test was strong evidence of his guilt.
"A denial of funds to procure an expert witness does not deprive a defendant of his constitutional rights." Wiggins v.State, 440 So.2d 1164, 1167 (Ala.Cr.App. 1983). It is only where such an expert is necessary for an adequate defense that an accused may be allowed to procure expert testimony at the State's expense. Ex parte Clisby, 456 So.2d 95, 97 (Ala.), onremand, 456 So.2d 98 (Ala.Cr.App.), appeal after remand,456 So.2d 99 (Ala.Cr.App.), appeal after remand, 456 So.2d 102
(Ala.Cr.App. 1983), aff'd, 456 So.2d 105 (Ala. 1984), cert.denied, 470 U.S. 1009, 105 S.Ct. 1372, 84 L.Ed.2d 391 (1985). However, "[t]he trial judge must find some reasonable basis for the expenditure of state funds before he may authorize such."Wiggins v. State, supra, 440 So.2d at 1167.
We find that in the instant case such a test was not necessary to guarantee appellant an adequate defense. Moreover, the evidence which appellant wished to present, i.e., that he was not sterile as had been implied by his semen sample test, was introduced through other means. The undisputed testimony of Valerie Hill, appellant's former live-in girlfriend, was that appellant was the father of her baby. Furthermore, Larry Huys testified that although the seminal fluid taken from the victim and that taken from the appellant contained no spermatozoa, such findings *Page 580 
did not conclusively mean that appellant was sterile. Therefore, proof of the baby's parentage was established through a less costly method than the retention of expert witnesses. Further, any error in refusing to order a paternity test was harmless, because other evidence established essentially the same facts. Sanders v. State, 426 So.2d 497,504 (Ala.Cr.App. 1982).
The denial of funds for the purpose of obtaining expert witnesses is clearly within the discretion of the trial court.Jackson v. State, 516 So.2d 726, 748 (Ala.Cr.App. 1985),remanded, 516 So.2d 768 (Ala. 1986), on remand, 516 So.2d 774
(Ala.Cr.App. 1987). We find no such abuse of discretion here.
Neither did the trial court err in refusing to order a second semen test performed on appellant at State expense. InDutton v. State, 434 So.2d 853, 857 (Ala.Cr.App. 1983), this court held that the appellant was not entitled to have the State pay for independent testing of samples taken from the victim and from him. Likewise, we find that an indigent defendant has no right to further expert assistance at State expense once the initial results are unfavorable to his defense. See Whittle v. State, 518 So.2d 793, 794 (Ala.Cr.App. 1987).
 III
Appellant further contends that the trial court erred in refusing to permit him to present additional information concerning a line-up viewed by another black female who was raped in the same location as the victim in the instant case. We disagree.
 "Before evidence may be considered by a jury, it must fulfill certain minimum requirements of admissibility, including that of relevancy. 'Evidence which is relevant has some tendency to make the existence of any fact or inference that is of consequence to the determination of the action more or less probable than it would be without the evidence.' Dawkins v. State, 455 So.2d 220, 221 (Ala.Cr.App. 1984). 'The determination of the relevancy of a particular item of evidence is left to the sound discretion of the trial judge and this court will not reverse unless that discretion has been grossly abused.' Wicker v. State, 433 So.2d 1190, 1198 (Ala.Cr.App. 1983). See also Hembree v. City of Birmingham, 381 So.2d 664, 668
(Ala.Cr.App. 1980); McLeod v. State, 383 So.2d 207, 208-09 (Ala.Cr.App. 1980); Dawkins v. State, supra, at 222."
Jennings v. State, 513 So.2d 91, 97 (Ala.Cr.App. 1987).
 "Evidence, to be competent and admissible, must be relevant. This is to say, evidence must tend to prove or disprove the issues before the jury. Slagle v. State, 39 Ala. App. 691, 108 So.2d 180
(1959). The determination of the relevancy or lack of relevancy of particular evidence rests largely in the sound discretion of the trial judge. Bryant v. State, 49 Ala. App. 359, 272 So.2d 286 (1974), cert. denied, 289 Ala. 740, 272 So.2d 297 (1973), cert. denied, 412 U.S. 922, 93 S.Ct. 2744, 37 L.Ed.2d 149 (1972). It is, therefore, the duty of the trial judge to limit evidence to the points in issue so that the attention of the jury is not distracted, nor withdrawn from the primary issues, to be directed towards foreign matters or issues of questionable or doubtful relevancy. Jones v. State, 17 Ala. App. 394, 85 So. 830 (1920); Hoomes v. State, 34 Ala. App. 121, 37 So.2d 686 (1948)."
Hill v. State, 366 So.2d 296, 314 (Ala.Cr.App. 1978), aff'd,366 So.2d 318 (Ala. 1979).
"The trial court may exclude evidence when it is such as to furnish a basis for nothing more than mere conjecture or remote inferences in reference to the transaction under investigation." Trawick v. State, 431 So.2d 574, 578
(Ala.Cr.App. 1983).
Here, the appellant wished to present information concerning a line-up viewed by another black female rape victim whose rape occurred in the same location as the victim in the case at bar. This other female failed to identify appellant as her assailant, which fact the appellant wished to present to the jury in order to raise a reasonable doubt as to his guilt. Appellant was apparently asserting that both rapes were committed by the same individual, so that if the other victim was unable to identify him as her assailant, then the victim's identification of appellant in the instant *Page 581 
case should also be suspect. Appellant, however, was unable to show how these rapes were similar. All he was able to present to the trial court was that both rapes occurred in the same place and involved young black girls. From these facts, the trial court concluded that the two rapes were not sufficiently similiar as to permit introduction of evidence concerning the rape of a female other than the victim in the instant case.
The trial court's ruling was correct. Indeed, the prosecution would not have been allowed to introduce such scant evidence against appellant pursuant to the identity exception to the general exclusionary rule, as "[t]his strict test of similarity has been held to mean that the two offenses [must] have been committed by some 'novel or extraordinary means or in a peculiar or unusual manner.' " Popwell v. State, 480 So.2d 41,43 (Ala.Cr.App. 1985) (citations omitted). Here, the fact that another woman who was the victim of a rape which occurred at the same place as the victim's was unable to identify appellant as her assailant is irrelevant. Circumstances surrounding this other rape are in no way probative of any of the issues in the instant case. That the same person raped both women was nothing more than mere conjecture on the part of appellant. Accordingly, the trial court correctly refused to allow testimony concerning a second rape or concerning the second victim's failure to identify appellant as her assailant.
 IV
Appellant's final contention of error is that the trial court erred in sentencing him pursuant to the Alabama Habitual Felony Offender Act. Specifically, appellant contends that he was not given notice of the convictions which the State intended to use to enhance his sentence within a reasonable time prior to his sentencing hearing, and that two of the four convictions used were not his convictions.
With regard to the first contention, we find that at no point during the hearing did appellant object that he was not given reasonable notice of the prior convictions intended to be used. Appellant has, therefore, waived appellate consideration of this issue. See Nichols v. State, 480 So.2d 82, 85 (Ala.Cr.App. 1985); Wilson v. State, 428 So.2d 197, 201 (Ala.Cr.App. 1983). Moreover, we find that appellant received a month's advance notice, which was more than adequate.
Appellant also argues that his sentence was unlawfully enhanced because, he says, two of the four convictions received into evidence by the trial court were not his convictions. At the sentencing hearing, the State presented proof of four prior felony convictions of Jimmy Davis. As this court has previously stated, "identity of name raises a presumption of person."Crawford v. State, 479 So.2d 1349, 1355 (Ala.Cr.App. 1985). "Once the State has made proper proof of prior convictions for sentence enhancement purposes, and an objection to that proof is made, the defendant bears the 'burden of presenting evidence in support thereof.' " Smith v. State, 492 So.2d 638, 642
(Ala.Cr.App. 1986) (citations omitted).
At the sentencing hearing, appellant offered no evidence in support of his claims 1) that he was not the Jimmy Davis named in two of the prior convictions and 2) that these two convictions were "Family Court" convictions, i.e., adjudications of juvenile delinquency and not criminal convictions. Moreover, when questioned by the trial judge, he reluctantly admitted that the address listed on the two challenged convictions was that of his mother. Thus, appellant failed to rebut the presumption that the four convictions in question were his. Id., 492 So.2d at 642. He also failed to convince the trial court that these two convictions were not felony convictions obtained in circuit court. Thus, the trial court correctly sentenced appellant.
Based on the foregoing, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur. *Page 582