Harold Dover was indicted for attempted murder and trafficking in cannabis, in violation of §§ 13A-4-2, 13A-6-2, and § 13A-12-216, Code of Alabama 1975. He was granted a judgment of acquittal as to the trafficking in cannabis charge, and the trial continued as to the lesser included offenses of distribution and possession of a controlled substance. The jury found Dover "guilty as charged" in Count I of the indictment for attempted murder and guilty of unlawful distribution of a controlled substance. Pursuant to the Habitual Felony Offender Act, he was sentenced to life in prison without parole for the attempted murder and to life imprisonment for unlawful distribution of a controlled substance. Dover appeals.
On June 4, 1988, Mike Blakely, sheriff of Limestone County, and others were involved in an undercover operation to purchase drugs. Stanley Gatlin, who was arrested for attempting to sell marijuana, agreed to cooperate with authorities to help apprehend larger drug dealers.
Gatlin made an arrangement to purchase drugs. Gatlin notified Blakely of this arrangement and was wired by law enforcement officials, so that they could monitor the activity in the transaction. The appellant and Tim Townsin met Gatlin at a specified location in Limestone County, Alabama, for the purpose of selling marijuana.
When Gatlin saw the marijuana, he gave the law enforcement officers a special signal and the law enforcement officers closed in to make the arrest. As Sheriff Blakely ran toward the scene, Townsin started running. Blakely yelled to Townsin to "freeze" and Blakely fired two shots at Townsin. *Page 786 
When the law enforcement officers and others involved in the undercover operation approached the scene, the persons involved in the transaction scattered. When Blakely yelled, "sheriff's department" and fired a couple of shots, the appellant stopped and was placed in custody. Jason Dover, the appellant's son, jumped out of a car with a shotgun and pointed it at Blakely. Blakely pulled the appellant in front of him, pointed his machine gun at Jason and told Jason to drop the weapon.
At this point, Blakely and the appellant started scuffling over the sheriff's gun. The gun accidentally discharged seven or eight times during the struggle. The gun was rendered inoperable sometime during the struggle.
When Gideon Flannagan saw them struggling, he went to help Blakely. As Flannagan approached, the appellant got the gun, pointed it at Flannagan, and pulled the trigger three times, but the gun did not discharge.
The appellant was subsequently arrested.
 I
Count I of the indictment, in pertinent part, reads as follows: "Harold Dover, whose name is otherwise unknown to the Grand Jury, did with the intent to commit the crime of murder (section 13A-6-2 of the Code of Alabama) attempt to commit said offense by placing an automatic weapon that he thought to be loaded into the stomach of Gideon Flannagan with intent to kill him, in violation of § 13A-4-2 of the Code of Alabama."
The appellant contends that the State failed to prove a prima facie case to sustain his conviction for attempted murder. He challenged the sufficiency of the evidence by making a motion for judgment of acquittal and a motion for new trial. Specifically, the appellant argues that the State failed to prove that the appellant thought the gun was loaded when he attempted to shoot Flannagan.
 "The standard for appellate review of the sufficiency of the evidence in a case such as this one was aptly set out in Dolvin v. State, 391 So.2d 133 (Ala. 1980):
 " 'In reviewing a conviction based on circumstantial evidence, this court must view that evidence in the light most favorable to the prosecution. The test to be applied is whether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt; not whether such evidence excludes every reasonable hypothesis but guilt, but whether a jury might reasonably so conclude.' United States v. Black, 497 F.2d 1039 (5th Cir. 1974); United States v. McGlamory, 441 F.2d 130
(5th Cir. 1971); Clark v. United States, 293 F.2d 445 (5th Cir. 1961)."
Robinette v. State, 531 So.2d 697, 698 (Ala. 1988).
Factors which lead this court to conclude that the appellant thought the gun was loaded at the time he attempted to shoot Flannagan include: (1) Blakely fired a couple of shots with this gun which caused the appellant to stop; (2) shortly before the appellant tried to shoot Flannagan, the appellant was involved in a scuffle with Blakely over the weapon, (3) the gun discharged seven or eight times during this scuffle and, (4) shortly after the gun discharged, the appellant got control of the gun and shot at Flannagan.
Clearly, there was substantial evidence from which the jury could infer that the appellant thought that the gun was loaded. Thus, we find that there was sufficient evidence to sustain the appellant's conviction for attempted murder.
 II
The appellant challenges his prior convictions used by the State to enhance his sentence. He argues that the State failed to show that he, Harold Dover, was the same person as Harold Leon Dover and Harold L. Dover named in the prior convictions.
 "Once the State has made proper proof of prior convictions for sentence enhancement purposes, and an objection to that proof is made, the defendant bears the *Page 787 
'burden of presenting evidence in support thereof.' Tate v. State, 435 So.2d 190, 195
(Ala.Cr.App. 1983) (citation omitted). At the trial court level, the appellant offered no evidence in support of his claim that the person named in the prior convictions was not one and the same as the appellant in the instant case. As this court has stated, 'identity of name raises a presumption of [identity of] person.' Crawford v. State, 479 So.2d 1349, 1355 (Ala.Cr.App. 1985) (citations omitted). 'There is a prima facie presumption that where two names are identical that those names refer to the same person.' Davis v. State, 457 So.2d 992, 995
(Ala.Cr.App. 1984)."
Smith v. State, 492 So.2d 638, 642 (Ala.Cr.App. 1986); Carlislev. State, 533 So.2d 645, 649-50 (Ala.Cr.App. 1987).
In this case, the appellant did not offer any evidence to substantiate his claim that he was not the same person named in the previous convictions. Moreover, the fact that the appellant signed his consolidated bond as Harold L. Dover further shows that the appellant was the same person who committed the prior offenses.
Because the appellant failed to overcome the presumption that he was the same person mentioned in the prior convictions, the trial court properly used the appellant's prior convictions to enhance his sentence.
 III
The appellant next argues that the trial court erred in enhancing the sentence because one of the convictions used for enhancement purposes contained a faulty guilty plea which did not comply with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709,23 L.Ed.2d 274 (1969).
 "It is not the duty of a sentencing court to inquire into whether a prior conviction did or did not comply with Boykin and Ireland [v. State, 47 Ala. App. 65, 250 So.2d 602 (Ala.Cr.App. 1971)]. It is only required that it affirmatively appear that the accused was represented by counsel in those cases resulting in the prior convictions. A felony sentencing hearing is not the time to collaterally attack the validity of a prior conviction. Jones v. State, 431 So.2d 1367 (Ala.Cr.App. 1983)."
Hines v. State, 487 So.2d 970, 974 (Ala.Cr.App. 1986), vacated on other grounds, 479 U.S. 1077, 107 S.Ct. 1271, 94 L.Ed.2d 133
(1987). Thus, the appellant cannot now challenge his guilty plea at a previous hearing.
The appellant also contends that the conviction was not signed by the trial judge. There is no requirement that the trial judge sign the conviction and judgment. However, the trial docket sheet listed: (1) the appellant's name, (2) that the appellant was convicted of the possession and the selling of marijuana, (3) that the appellant was represented by W.G. Rogers, and (4) that the document was certified by the clerk of the court. Where these factors are shown, the conviction was properly proved for enhancement purposes. Swicegood v. State,565 So.2d 1206 (Ala.Cr.App. 1990); McGowan v. State,432 So.2d 557 (Ala.Cr.App. 1983).
We find that the appellant was properly sentenced according to the Alabama Habitual Felony Offender Act.
 IV
The appellant's final contention is that he was improperly sentenced because he was not sentenced by the same judge that conducted the trial.
In Jacobs v. State, 465 So.2d 466 (Ala.Cr.App. 1984), this court addressed this issue and stated:
 "The ABA Standards for Criminal Justice, Sentencing Alternatives and Procedures, § 5.1 (1st ed.) suggests that it is the better practice for the trial judge who presided at defendant's trial to impose sentence on that defendant. However, § 5.1 also states that there will be times when it will be impossible for the judge who presided at the trial to impose sentence and another judge will necessarily have to act and impose sentence. In those instances, the judge who will impose the sentence should fully acquaint himself with all of the aspects of the defendant's case. See also Rule 25(b) Fed. Rules Crim.Proc. 18 U.S.C.A." *Page 788 
Generally, "it is not error for a judge other than the one who tried the accused to pronounce judgment and sentence." Annot., 83 A.L.R.2d 1032 (1962); Hill v. State, 455 So.2d 930, 935
(Ala.Cr.App.), aff'd, 455 So.2d 938 (Ala. 1984); Duren v.State, 507 So.2d 111, 116 (Ala.Cr.App. 1986), aff'd,507 So.2d 121 (Ala. 1987).
In the present case, Judge George Simpson, who was serving as temporary Circuit Judge in Limestone County, presided over the appellant's trial. Because Judge Simpson's temporary assignment was terminated, Judge Henry Blizzard presided over the appellant's sentencing hearing. Judge Blizzard ordered a presentencing report and sentenced the appellant pursuant to the Habitual Felony Offender Act. Judge Blizzard was informed of the charges against the appellant and the details of the offense by the pre-sentencing report.
Moreover, because the appellant was sentenced according to the Habitual Felony Offender Act, the appellant's sentence was mandatory and was required to be the same regardless of which judge pronounced the sentence.
For the reasons stated, this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.