[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 523 
D.J.W. appeals from a restitution order issued in the disposition of an adjudication of delinquency by the juvenile court. D.J.W. admitted to the charge of third degree arson.
 I. A.
D.J.W. first contends that the juvenile court abused its discretion in ordering him to pay restitution of $40,600.19, the uncontested, estimated cash value of the damage to the burned building. He emphasizes the following facts elicited in the juvenile court: that he is 12 years old and is in the sixth grade; that he receives no income of any type; that his mother receives no income except $137 per month in government subsidy and a child support payment on rare occasions; that they receive a rent subsidy; that the insurance company that insured the building is able to bear the loss; that his admission of guilt was to a reckless rather than an intentional act; and that the burned apartment building was vacant, old, and in disrepair.
D.J.W. argues that the juvenile court failed to apply §15-18-68, Code of Alabama 1975, which provides that in determining the manner, method or amount of restitution, the court may consider the following:
 "(1) The financial resources of the defendant and the victim and the burden that the manner or method of restitution will impose upon the victim or the defendant;
 "(2) The ability of the defendant to pay restitution on an installment basis or on other conditions to be fixed by the court;
 "(3) The anticipated rehabilitative effect on the defendant regarding the manner of restitution or the method of payment;
 "(4) Any burden or hardship upon the victim as a direct or indirect result of the defendant's criminal acts;
 "(5) The mental, physical and financial well being of the victim."
As the attorney general points out, it is clear from the language of the Restitution to Victims of Crimes Act, §§15-18-65 through -78, that the legislature intended that Act to apply to defendants convicted of criminal offenses. See, e.g., § 15-18-67 ("[w]hen a defendant is convicted of a criminal activity or conduct which has resulted in pecuniary damages or loss to a victim, the court shall hold a hearing . . . .") (emphasis added). An adjudication of delinquency is not a conviction. § 12-15-72(a). Thus, § 15-18-68 is not applicable to the determination of restitution in juvenile cases.
We agree with the attorney general that the restitution order in this case "was entered as an order in 'disposition' after a finding of delinquency in proceedings under § 12-15-30(a), Ala.Code 1975, issued pursuant to § 12-15-71(c)(4), Ala. Code
1975." (attorney general's brief, p. 8.) Section 12-15-71(c)(4) provides, "If a child is found to be delinquent or in need of supervision, the court may . . . [m]ake any other order as the court in its discretion shall deem to be for the welfare and best interests of the child, including . . . assessment of fines not to exceed $250, and restitution against the parent, guardian, or child, as the court deems appropriate."
The juvenile court's determination of restitution is procedurally governed by Rule 26.11(a), Ala.R.Crim.P. See P.W.v. State, 625 So.2d 1207, 1209 n. 1 (Ala.Cr.App. 1993), where this court stated: *Page 524 
 "Although we recognize that Rule 25(A), A.R.Juv.P., provides that 'the conduct of [a juvenile] hearing shall be consistent with legal and due process requirements and shall proceed generally in a manner similar to the trial of a civil action before the court sitting without a jury, except that the child may not be compelled to be a witness,' we note that the rules of Juvenile Procedure were adopted in 1977, before the adoption of even the temporary Rules of Criminal Procedure. As we now have permanent Rules of Criminal Procedure, we deem it appropriate to look to those rules for guidance on matters, such as sentencing, that are not covered by the Rules of Civil Procedure."
Rule 26.11(a) states:
 "Restitution should be ordered in all cases where a victim has been injured or damaged. The financial resources and obligations of the defendant and the burden that payment of restitution will impose should be considered in determining how much restitution is to be paid or collected, i.e., whether to be paid by installments and what length of time should be given for payment."
Thus, the juvenile court, in ordering D.J.W. to pay restitution in the amount of $40,600.19 should have been guided by Rule 26.11(a), as applied within the context of our statutory juvenile law. The law governing juvenile proceedings is found in §§ 12-15-1 through -176. Section 12-15-1.1 provides in pertinent part:
 "This chapter shall be known as the Alabama Juvenile Justice Act. The purpose of this chapter is to facilitate the care, protection and discipline of children who come within the jurisdiction of the juvenile court, while acknowledging the responsibility of the juvenile court to preserve the public peace and security.
 "In furtherance of this purpose, the following goals have been established for the juvenile court:
". . . .
 "(7) To hold a child found to be delinquent accountable for his or her actions to the extent of the child's age, education, mental and physical condition, background and all other relevant factors and to provide a program of supervision, care, and rehabilitation, including rehabilitative restitution by the child to the victim of his delinquent acts to the extent that the child is reasonably able to do so."
(Emphasis added.)
Clearly, under § 12-15-1.1, the amount of restitution that a juvenile is ordered to pay must be based not only on an amount that compensates the victim but must also take into account the ability of the juvenile to "reasonably" meet the obligation. The goal of juvenile restitution, as stated in § 12-15-1.1, is primarily "rehabilita[tion]" — not compensation of the victim. See also § 12-15-71(c)(4) (restitution may be ordered against the parent, guardian, or juvenile when to do so would be "for the welfare and best interests of the child"). The limitation in § 12-15-71(c)(4) of $250 on fines against a delinquent also provides insight into the legislature's intent that a delinquent juvenile's pecuniary punishment be limited to an amount that a child can generally reasonably be expected to meet.
It is an abuse of discretion to fail to take the following into consideration when fashioning a restitution order in a juvenile court case: 1) The financial resources and obligations of the juvenile; 2) the burden that payment of restitution will impose; 3) the juvenile's age, education, background, and all other relevant factors; and 4) the rehabilitative effect of the restitution order. See § 12-15-1.1; Rule 26.11(a). In this case, taking into account the lack of financial resources available to D.J.W. and the totality of the circumstances, the trial court clearly abused its discretion by ordering restitution in excess of $40,000. The facts suggest no reasonable way for D.J.W. to comply with the order. We further find, contrary to the attorney general's argument, that the facts also fail to suggest any reasonable prospect in D.J.W.'s future for D.J.W. to meet such an obligation. We find instead that restitution of such an amount would not only hinder but would virtually destroy any chance for rehabilitation of D.J.W. Accordingly, we find *Page 525 
that this case must be remanded for the juvenile court to reconsider its disposition of D.J.W.'s case. In the event the court again orders restitution, it should do so only after taking the factors discussed in this opinion into consideration. Also, in the event the court again orders restitution, even though a juvenile restitution hearing is not governed by the mandate of § 15-18-69 that following a restitution hearing, "[t]he court shall thereafter enter its order upon the record stating its findings and the underlying facts and circumstances thereof," we believe that, in keeping with the spirit of that statute's goal of ensuring the proper exercise of a trial court's discretion and in order to facilitate this court's review of the juvenile court's restitution order, the juvenile court shall follow that procedure.
In addition to ordering D.J.W. to pay restitution of $40,600.19, the trial court directed "the parents, guardian, or other person having care or control" of D.J.W. to pay restitution of $1000. We do not address that order; however, we point out that in arriving at the amount of restitution for such a person or persons, the juvenile court should follow the same principles and procedures as set out above for determining the amount a juvenile should be ordered to pay.
The trial court shall take all action directed in sufficient time to permit the circuit clerk to make a proper return to this court at the earliest possible time within 45 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.
All Judges concur except Cobb, J., who is not sitting.