McMILLAN, Presiding Judge.
The appellant, T.B. II, a juvenile, was charged with harassment, for striking B.C. about the mouth and causing damage to B.C.’s mouth and teeth. On June 6, 2000, the juvenile -court adjudged him delinquent, based upon his admission that he had committed the offense. The court sentenced him to six months’ probation and ordered him to pay court costs and an amount to the victims compensation fund. The sentencing order did not order him to pay restitution to the victim. On November 7, 2000, the juvenile court conducted a restitution hearing and ordered the appellant to pay restitution of $15,500. The court directed the victim to submit to the court any additional medical expenses aris *110 ing out of the incident as they occurred. The court denied the appellant’s motion to alter, vacate, or amend the restitution order or, in the alternative, for new trial.
At the hearing on November 7, the court discussed the amount of restitution to be paid. The court determined that the restitution would be split between the appellant and E.Y., the codefendant. The victim’s mother informed the court that the victim had lost his teeth and had had several surgeries. She said that he would have to have at least four more surgeries before his teeth could be replaced. The court disallowed any anticipatory expenses and ordered each defendant to pay one-half of the victim’s actual dental bills.[1] The appellant’s counsel argued that the amount seemed “pretty extravagant” and asked if a doctor could testify concerning the charges. He attempted to argue further, but the court stopped him. The appellant’s probation officer noted that the appellant had not been present at the “initial hearing” on the restitution, and the court acknowledged that that had been an oversight. The appellant’s counsel objected on the basis that the court, in setting restitution, had not considered the purpose of restitution in the juvenile court, as stated in D.J.W. v. State, 705 So.2d 521 (Ala. Crim.App.1996). The court interrupted the counsel’s objection and left the bench, stating, “Well, make [your objection] in my absence.” The counsel then objected for the record that the court had not properly considered the rehabilitative purpose of restitution in the juvenile court or the factors required by the juvenile statute to be taken into account. He further objected that the court had abused its discretion because all of the medical or dental expenses had not been submitted and there had been no testimony from a doctor that the charges were reasonable and necessary. The prosecutor responded that all of the charges had been based on medical records and invoices provided by the victim to the court.
I.
The appellant contends that he did not have an adequate opportunity to be heard and to dispute the evidence. He further contends that there is no legal evidence to sustain the court’s restitution order because no expert medical testimony was offered at the restitution hearing. More specifically, he argues that expert testimony was required to prove permanent injury, proximate cause of the injury, present and future medical expenses, and whether the medical expenses were reasonable and necessary.
Notice and the opportunity to be heard are the “hallmarks of due process.” Anonymous v. Anonymous, 353 So.2d 515, 519 (Ala.1977). Here, the appellant does not contend that his notice was insufficient, despite his apparent absence at the earlier hearing, and he was present in court with his counsel at the hearing on November 7. The appellant failed to offer any expert testimony or other evidence at that hearing to dispute the victim’s claims. Defense counsel asked the court if a doctor could testify, and the court responded that, if counsel paid a doctor, the court would be glad to call the doctor to testify. The appellant did not seek a continuance to secure the expert testimony he purportedly desired. The juvenile court’s rulings were terse and abrupt. However, based *111 on the record, we do not believe they denied the appellant an opportunity to be heard.
The appellant also has failed to establish error on the other stated grounds. With regard to the issue of permanence, the victim’s mother stated that the victim had lost all of his teeth. The appellant admitted, with regard to causation, that he had inflicted the injury to the victim. As to the victim’s present medical expenses, the appellant failed to include in the record on appeal copies of those expenses. It is the duty of the appellant to file a correct record. Davis v. State, 549 So.2d 577 (Ala.Crim.App.1989). The appellate court will not presume error from a silent record. Robinson v. State, 444 So.2d 884 (Ala.1983).
With regard to the issue of future medical expenses, the court specifically limited the restitution to the amount of the victim’s current bills. As to whether those expenses were reasonable and necessary, the appellant offered no contradictory evidence for the juvenile court to consider. He also failed, as previously noted, to include the challenged expenses in the record on appeal. The amount of restitution is a matter that must be left almost totally to the trial judge’s discretion, and the judge’s decision exercising that discretion should not be overturned except in cases of clear and flagrant abuse. Moore v. State, 706 So.2d 265 (Ala.Crim.App.1997). The appellant has not shown that the trial court abused its discretion. Therefore, he is not entitled to relief.
II.
The appellant also contends that the trial court failed to conduct a restitution hearing that complied with D.J.W. v. State, 70S So.2d 521 (Ala.Crim.App.1996). He argues that the record is devoid of evidence to address the factors outlined in that cage.
The State argues that the appellant does not specify the factors the trial court failed to address. The State also argues that the appellant did not present any evidence regarding the burden that the restitution placed on him. • In addition, the State argues that the appellant presented no evidence that he was unable to make the ordered restitution payments.
Restitution in juvenile cases is governed' by Rule 26.11(a), Ala.R.Crim.P. The amount must be based not only on the amount that compensates the victim, but also on the juvenile’s ability to reasonably meet that obligation, because the goal of restitution is primarily rehabilitation. It is an abuse of discretion for the juvenile court to fail to take into account the juvenile’s financial resources and obligations, the burden that payment will impose, the juvenile’s age, background, and all other relevant factors, as well as the rehabilitative effect of the restitution order. D.J.W. v. State, supra; § 12-15-1.1, Ala.Code 1975; Rule 26.11(a), Ala.R.Crim.P.
Because the juvenile court failed to consider the required factors in determining the appellant’s restitution, we must remand this cause for proper consideration of those factors by the juvenile court. A return should be filed with this court within 49 days after the release of this opinion.
REMANDED WITH DIRECTIONS.
COBB, BASCHAB, SHAW, and WISE, JJ., concur.

On Return to Remand

McMILLAN, Presiding Judge.
This cause was remanded for the juvenile court to consider the factors required under D.J.W. v. State, 705 So.2d 521 (Ala.Crim.App.1996), in determining the amount of restitution that T.B. II, a *112 delinquent juvenile, should pay. The court has now filed its return, which reflects that, after considering the relevant factors, the court again ordered T.B. II to pay restitution of $15,500. The .court stated the following facts in support of its order: 1) T.B. is unable to meet financial obligations at the present time because he is not working or in school and he “does not pretend that he is doing anything other than staying at home”; 2) payment of the restitution would be burdensome but is possible for T.B. to pay it over an extended period because the court can enforce a restitution order beyond a juvenile reaching the age of 18 years;[1] 8) the appellant presently is 16 years old, has no physical or mental, disabilities, and lives with his terminally ill father, who is drawing disability compensation; an additional relevant factor is Dr. Emery Cole II’s testimony that the victim’s medical bills were reasonable and that ongoing restorative work would be required to prevent deformity of the victim’s jaw; and 4) the rehabilitative effect is to hold T.B. responsible for his actions and to prevent future occurrences of the same type of behavior.
“It is an abuse of discretion to fail to take the following into consideration when fashioning a restitution order in a juvenile court case: 1) The financial resources and obligations of the juvenile; 2) the burden that payment of restitution will impose; 3) the juvenile’s age, education, background, and all other relevant factors; and 4) the rehabilitative effect of the restitution order.”
D.J.W. v. State, 705 So.2d at 524.
The court’s order includes facts and circumstances relevant to each of the required factors. With regard to the amount of restitution, we note that T.B. II did not include any copies of medical expenses in the record, or offer any expert testimony, or otherwise dispute the victim’s claim.[2]
The juvenile court also stated the following in its restitution order:
“IT IS FURTHER ORDERED that when the defendant obtains a job[,] that the defendant should pay said restitution in reasonable increments through the office of the Circuit Clerk until such time as the amount is fully satisfied.
“IT IS FURTHER ORDERED that so long as the bills received by this court fall within the purview of what Dr. Emery Cole II testified to, all ongoing bills incurred by the victim in this cause, will be added to the restitution amount due and owing by the defendant.”
The court’s order specifies both the amount of restitution and the manner in which the restitution is to be paid. DJ.W. v. State, 705 So.2d at 527-28. The court retains continuing jurisdiction over the appellant and may modify its restitution order as the ability of the juvenile to pay the restitution changes. Id., at 528. As the restitution order is now proper, the judg *113 ment of the juvenile court is due to be, and it is hereby, affirmed.
AFFIRMED.
COBB, BASCHAB, SHAW, and WISE, JJ., concur.

. The prosecutor stated that the total restitution was $90,000, which included the expenses anticipated to age 64. The victim's mother stated that she had estimated the expenses only through age 18. The trial court allowed as restitution only the dental expenses at the time of the hearing, $31,000. The transcript indicates that the victim's mother provided the court with copies of the expenses the victim had incurred.

. Provisions permitting the juvenile court to retain jurisdiction for the payment of restitution after a child becomes 21 years of age were added in an amendment to § 12 — 15— 32(a) and (b), Ala.Code 1975, that became effective on August 1, 1997. The amendment is of particular significance because the amount of restitution a juvenile is reasonably able to pay is one of the main factors that must be considered by the juvenile court. DJ.W. v. State, 705 So.2d at 526.

. On remand, the victim’s mother offered a restitution affidavit in the amount of $12,966.03, which purported to prove a portion of the victim’s expenses. Pursuant to Ex parte Hergott, 588 So.2d 911 (Ala.1991), the trial court could not have accepted new evidence on remand.