McMILLAN, Presiding Judge.
On November 2, 1992, the appellant, D.A.R., was charged in a delinquency petition with assault in the first degree. The petition alleged that the appellant had violated § 13A-6-20, Ala.Code 1975, by driving 66 miles per hour in a 35 mile-per-hour zone, striking and causing serious physical injury to the victim. On February 18, 1993, the appellant admitted the allegations, and the juvenile court adjudged him delinquent. The court suspended the appellant’s commitment to the Department of Youth Services and placed him on probation until February 19, 1995. The court also ordered him to perform 500 hours of community service and suspended his driver’s license until he reached the age of 21. The court’s order stated that the amount of restitution was “[t]o [b]e [l]eft [ojpen.” On April 20, 1995, the juvenile court entered an “Amended Order,” which reiterated the terms of the 1993 order, including the provision that the amount of restitution was to be left open. On January 6, 2000, the victim requested a restitution hearing, and the court granted *614 the request. The appellant then moved to quash the hearing, arguing that the juvenile court lost jurisdiction over him when he became 21 years old. The court heard the parties’ arguments concerning jurisdiction and then conducted a restitution hearing. In a written order, the court found that it retained jurisdiction for the purpose of determining the amount of restitution and enforcing compliance with any order entered. The court ordered the appellant to pay restitution of $50 per month for 120 months — a total of $6,000 in restitution. The appellant’s objection to the restitution order and motion for new trial were denied. Section 12-15-32, Ala.Code 1975, provides, in pertinent part:
“(a) For the purposes of this chapter, jurisdiction obtained by the juvenile court in any case of a child shall be retained by it until the child becomes 21 years of age unless terminated prior thereto by order of the judge of the juvenile court except that the juvenile court shall retain jurisdiction until the child complies with any order of the juvenile court requiring the payment of fines, costs, restitution, or other court ordered monies.
“(b) If a person already under the jurisdiction of the juvenile court is convicted or adjudicated a youthful offender in a criminal court of a crime committed after the age of 18, the conviction or adjudication shall terminate the jurisdiction of the juvenile court except that the juvenile court shall retain jurisdiction until the child complies with any order of the juvenile court requiring the payment of fines, costs, restitution, or other court ordered monies.”
(Emphasis added.)
The provisions permitting the court to retain jurisdiction for the payment of court-ordered monies were added by an amendment that became effective on August 1, 1997. This court stated the following with regard to the jurisdiction of the juvenile court prior to the amendment:
“[I]t should be noted that a juvenile court that has adjudicated a juvenile delinquent retains continuing jurisdiction over the juvenile’s case. This jurisdiction does not terminate until the juvenile reaches the age of 21, the juvenile court terminates its jurisdiction by court order, or the juvenile is convicted in criminal court of a crime committed after the juvenile turns 18.”
D.J.W. v. State, 705 So.2d 521, 528 (Ala.Crim.App.1996).
The State argues that, because the appellant’s case was pending when the Legislature passed the amendment to § 12-15-32, the amendment applies in the present case. However, the appellant turned 21 years old on April 30, 1996, approximately 15 months before the effective date of the amendment.
“When the jurisdiction of the juvenile court terminates, for whatever reason, this jurisdiction is completely terminated. M.C. v. State, 600 So.2d 387, (Ala.Crim.App.1991). In a juvenile case where the court orders restitution, the provisions and conditions of the restitution order terminate at the moment the juvenile court no longer retains jurisdiction over the matter.”
705 So.2d at 528. Because the jurisdiction of the juvenile court had completely terminated on April 30, 1996, the court had no authority to enter its order of restitution on November 14, 2000.
The State also argues that the appellant waived his right to challenge the § 12-15-32 “statute of limitation” by agreeing to leave the amount of restitution open. Section 12-15-32 is not a statute of limitation; it addresses jurisdiction rather *615 than a limitation on prosecution.[1] Furthermore, a statute of limitation should be waived in a writing that is included in the record, or the record should reveal an express oral waiver made in open court. Hall v. State, 497 So.2d 1145, 1149 (Ala.Crim.App.1986). No evidence of an effective waiver appears in the record on appeal.
While this court takes no pleasure in seeing the appellant avoid payment of restitution, we nevertheless must conclude that the juvenile court lost its authority to order restitution on April 30, 1996. The court’s order of November 14, 2000, therefore must be set aside. This cause is hereby remanded to the juvenile court for further proceedings consistent with this opinion.
RESTITUTION ORDER SET ASIDE; REMANDED. 
COBB, BASCHAB, SHAW, and WISE, JJ., concur.

. See § 12-15-32, Ala.Code 1975, “Retention and termination of jurisdiction generally.”