JOINER, Judge.
D.N. appeals the juvenile court's order requiring him to pay restitution of $50 per month in the underlying delinquency proceedings against his juvenile child, D.S.T. We reverse and remand.
Facts and Procedural History
The underlying facts giving rise to the initial restitution order are not relevant here, and a detailed description is not necessary. Briefly, however, the relevant timeline of proceedings is as follows:
On December 20, 2013, four delinquency petitions were filed against D.N.'s son, D.S.T., charging him with the following:
a. JU-13-557.04-breaking and entering a vehicle in violation of § 13A-8-11, Ala. Code 1975 (C. 10);
b. JU-13-557.05-third-degree burglary in violation of § 13A-7-7, Ala. Code 1975 (C. 11);
c. JU-13-557.07-third-degree burglary in violation of § 13A-7-7, Ala. Code 1975 (C. 12); and
d. JU-13-557.09-third-degree theft of property in violation of § 13A-8-5, Ala. Code 1975 (C. 13.)[1]
D.S.T. admitted to the above charges and was adjudicated delinquent. On January 9, 2014, his mother was explicitly joined as a party to these proceedings.
On July 24, 2014, a disposition hearing was held and the juvenile court placed D.S.T. in his mother's custody and ordered him to serve 12 months of supervised probation. D.S.T. was also ordered to pay *191 court costs; the issue of restitution was "reserved." (C. 32.)
On October 9, 2014, a restitution hearing was held and D.S.T. was ordered to pay a total of $4,778.20 in $50 monthly increments. Present at this hearing were D.S.T., his mother, D.S.T.'s attorney, and the district attorney. D.S.T.'s father, D.N., was not present at the hearing because he was in prison at the time. The restitution order issued that day contained the following provision: "The Parent(s)/Guardian(s) be made a party and ordered to pay." (C. 36.)
On July 26, 2016, the State initiated contempt proceedings against D.S.T. for nonpayment of restitution. A show-cause hearing was held on September 9, 2016. D.S.T. was not present at this hearing because he was in prison at the time. D.S.T.'s mother and D.N. were present, though neither of them were represented by counsel.
At the time of the hearing, D.S.T. still owed $4,763.12 in restitution. During this hearing, the juvenile court recited at least two occasions on which D.S.T.'s parents were allegedly ordered to pay $50 per month toward fulfilling D.S.T.'s restitution obligation.
D.S.T.'s mother addressed the court and explained that she was unable to make the restitution payments because of financial difficulties. With regard to D.N., Norman Hurst, D.S.T.'s attorney, argued that D.N. had not been joined as a party. The court disagreed with this argument and referred to the terms of the restitution order, which, the court said, joined the "parents" as parties. (C. 32, 36; R. 11.)
Hurst argued that D.N. had not received notice of the proceedings and had not been properly joined as a party because he was in prison at the time and had only recently been released. This objection was overruled because, according to the juvenile court, whether D.N. received notice was a separate issue. D.N. then addressed the court and explained that he had been in prison for nine years and that he was released in January 2016. He further explained that he was not aware that his son was having issues with the juvenile system until "the last couple of months" before the show-cause hearing. (R. 14.) The juvenile court told D.N. that, despite having not received proper notice, he had "been made a party to this by virtue of being a parent" and was, therefore, obligated to pay. (R. 15.) D.N. was then ordered, along with D.S.T.'s mother, to pay restitution in the amount of $50 per month. At the hearing, D.N. gave oral notice of appeal. On September 9, 2016, D.N. filed his written notice of appeal.
Discussion
On appeal, D.N. contends that the juvenile court erred by ordering him to pay restitution when he had not properly been made a party to the proceedings. (D.N.'s brief, p. 5.) According to D.N., because he was never served and was never expressly made a party to the proceedings, the juvenile court did not obtain personal jurisdiction over him. (D.N.'s brief, p. 6.) We agree.
Rule 31, Ala. R. Juv. P., governs the procedures by which a parent or legal guardian is made a party to an action in which a child is alleged to be delinquent. According to this rule, when a child is alleged to be delinquent or in need of supervision, "a juvenile court, on motion of an interested party or on the court's own motion may make, by written order, the child's parent or parents" a party or parties to the proceeding. Rule 31(A), Ala. R. Juv. P. When, however, a parent has been made a party to an action in which a child is alleged to be delinquent, Rule 31(C), Ala. R. Juv. P., requires that the parent
*192 "be served with a summons and a copy of the petition at the earliest opportunity pursuant to Ala. Code 1975, § 12-15-122, and Rule 13 of these Rules and, if ordered by the court, may be subjected to provisions of Ala. Code 1975, §§ 12-15-109, 12-15-215(a)(4), as limited by Ala. Code 1975, § 26-2A-78, or other applicable law."
(Emphasis added.)
Section 12-15-122, Ala. Code 1975, provides the following requirements for the proper issuance of a summons in such cases:
"(a) After a petition alleging delinquency, in need of supervision, or dependency has been filed, the juvenile court shall direct the issuance of summonses to be directed to the child if he or she is 12 or more years of age, to the parents, legal guardian, or other legal custodian, and to other persons who appear to the juvenile court to be proper or necessary parties to the proceedings, requiring them to appear personally before the juvenile court at the time fixed to answer or testify as to the allegations of the petition. Where the legal custodian is summoned, the parent or legal guardian, or both, shall also be served with a summons.
"(b) A copy of the petition shall be attached to each summons.
"(c) The summons shall direct the parents, legal guardian, or other legal custodian having the custody or control of the child to bring him or her to the hearing.
"(d) An adult who is a party may waive service of the summons by written stipulation or by voluntary appearance at the hearing."
Rule 13, Ala. R. Juv. P., provides that, once a summons has properly been served, the juvenile court obtains jurisdiction over the persons served. Rule 13(A)(3), Ala. R. Juv. P. In addition to the above rules, this Court has previously recognized that a juvenile court does not obtain personal jurisdiction over a parent where it does not expressly make that parent a party to the proceedings through an issued order. See D.W.L. v. State, 821 So.2d 246, 247 (Ala. Crim. App. 2001).
The record before us shows that the following exchange concerning D.N.'s status as a party to the proceedings occurred during the show-cause hearing on D.S.T.'s failure to make his restitution payments:
"THE COURT: Are you the father?
"[D.N.]: Yes, sir.
"THE COURT: He is a party.
"MR. HURST: No. He's not a party to the matter. The mother was only made a party to the matter.
"THE COURT: Well, it says 'parents' here.
"MR. HURST: This is the first time he's even been present in court.
"THE COURT: Well, he's a parent, [Mr. Hurst].
"MR. HURST: Well, we would object to him being made a party to something that he-
"THE COURT: Well, there's no objection now, because this order was entered almost two years. It's too late to object to it now.
"MR. HURST: No, sir. It's never too late to-to due process, Your Honor. He didn't have any notice-
"THE COURT: Don't argue with me.
"[D.N.]: I was incarcerated.
"MR. HURST: He was incarcerated. He didn't have any notice in regards to this, so he can't be made subject to something that-
"THE COURT: Well, are you going to tell me what I can do as a judge? I'm telling you that it's already been done. It *193 says it right here. There was no objection raised at the time, and it's already been ordered.
"MR. HURST: Well, Your Honor, what I'm saying is, how could he be made a party without notifying-
"THE COURT: He's been made a party. It's not how he could be. He's already been, all right.
"MR. HURST: Well, he wasn't-he had no notice that he was a party.
"THE COURT: What do you mean he had no notice?
"MR. HURST: He didn't get the order.
"THE COURT: Well, the order was issued.
"MR. HURST: But he wasn't-
"THE COURT: Whether he got it or not, that's another question, but he was made a party to it because he is a parent.
"....
"[D.N.]: Your Honor, all this is new for me. I've been incarcerated for nine years. I just got out in January. So a lot of stuff that happened with [D.S.T.], me and [D.S.T.'s mother] hadn't been communicating, so I didn't know none of this."
(R. 11-13.) Here, the juvenile court asserted that D.N. was made a party to the restitution proceedings simply by virtue of the fact that he was D.S.T.'s parent. Pointing to a provision in the order stating the "parent(s)/guardian(s) be made a party and ordered to pay," the court argued that the use of "parent(s)" in the order demonstrated that D.N. was effectively named as a party to the proceedings. This reasoning is flawed, however, because the clear requirements outlined in Rule 31(C), Ala. R. Juv. P., § 12-15-122, Ala. Code 1975, and Rule 13, Ala. R. Juv. P., were not complied with.
Specifically, in the case before us, nothing in the record indicates that D.N. was properly made a party to any of the underlying proceedings through the issuance of a summons as required by these rules. Although the record does show that D.N. was named in the delinquency petitions issued by the juvenile court, it does not appear that D.N. received a separate summons with each petition as required by Rule 31(C), Ala. R. Juv. P. Furthermore, it also does not appear from the record that separate summons were attached to each of those petitions as required by § 12-15-122(b), Ala. Code 1975. Because the procedural requirements for issuing a summons to D.N. clearly were not followed in this case, D.N. was not a party to the proceedings and, therefore, the juvenile court did not have personal jurisdiction over him.[2]
Furthermore, because D.N. was not a party to the proceedings, his argument that he was denied due process because he did not receive notice of D.S.T.'s restitution hearing is correct. (D.N.'s brief, p. 6.) According to D.N., he was given neither an opportunity to participate in the restitution hearing nor an opportunity to challenge any of the evidence submitted during the course of the hearing and, as a result, he was denied due process. (D.N.'s brief, p. 7.)
This Court has previously held that restitution in juvenile cases is governed by Rule 26.11(a), Ala. R. Crim. P. See M.L.R. v. State, 129 So.3d 307, 311 (Ala. Crim. App. 2012). In such cases, this Court, relying on the requirements in Rule 26.11(a), Ala. R. Crim. P., has reasoned that the amount of the restitution
*194 " 'must be based not only on the amount that compensates the victim, but also on the juvenile's ability to reasonably meet that obligation, because the goal of restitution is primarily rehabilitation. It is an abuse of discretion for the juvenile court to fail to take into account the juvenile's financial resources and obligations, the burden that payment will impose, the juvenile's age, background, and all other relevant factors, as well as the rehabilitative effect of the restitution order.' "
M.L.R., 129 So.3d at 311 (quoting T.B. v. State, 819 So.2d 108, 111 (Ala. Crim. App. 2001) ). This means that the party being ordered to pay restitution, such as the parent of a delinquent juvenile, must be given notice and an opportunity to be heard on that issue. See id. Thus, a parent who is made a party to these proceedings must be given the opportunity to present his or her own evidence demonstrating his or her ability to meet the financial obligation imposed by a juvenile court's restitution order. See id. Although we continue to be mindful of a trial court's discretion in determining the amount of restitution owed, it is still critical that a juvenile court follow the criteria in Rule 26.11, Ala. R. Crim. P. Id. A juvenile court's failure to do so results in reversible error. Id.
In the case before us, a restitution hearing was held in D.S.T.'s case on October 9, 2014. (C. 35.) Present at this hearing were D.S.T., his mother, his attorney, and the district attorney. D.N. was not present, however, because he was incarcerated at the time the hearing took place. (R. 11-12.) Nothing in the record indicates that D.N. was notified that the restitution hearing was taking place, and, in fact, in its September 9, 2014, order requiring D.N. to pay restitution, the juvenile court admitted that D.N. had not been given notice of the hearing. (C. 20.) This is not surprising considering that, as established above, D.N. was never made a party to the proceedings. As a result, D.N. was never given the opportunity to present his own evidence demonstrating his ability to meet the financial obligation imposed by the juvenile court's restitution order. Additionally, the juvenile court has never inquired into D.N.'s financial resources and obligations or the burden that payment of D.S.T.'s restitution will impose on him, nor has it given him the opportunity to present evidence of those circumstances. For these reasons, the juvenile court's failure to give D.N. notice of and an opportunity to be heard at D.S.T.'s restitution hearing denied him due process, and the juvenile court's order as to D.N. is due to be reversed.
Conclusion
The order requiring D.N. to pay restitution is reversed, and the cause is remanded to the juvenile court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
Windom, P.J., and Welch, Kellum, and Burke, JJ., concur.

D.S.T. was adjudicated delinquent on numerous other charges, but the four listed are the only adjudications raised in this appeal. (C. 14-18.)

There is no indication or argument in the materials before us that D.N. waived personal service or that he otherwise consented to being made a party to the proceedings.